# Edwards *v.* Parker.

*Action by Surviving Partner, on Account for Goods Sold and Delivered; Plea of Set-off.*

1. *Proof of lost receipt, or certificate of deposit, under plea of set-off.* When a certificate of deposit, or a receipt in the nature thereof, is offered in evidence under the plea of set-off, proof of its execution is not necessary, unless put in issue by replication verified by affidavit (Code, § 2771); yet, if the plea avers the loss of the instrument, and is verified by affidavit (*Ib.* § 2597), but is denied by replication also verified by affidavit, the defendant is required to prove its loss and its contents.

[Edwards v. Parker.]

2. *Testimony of party, as to transactions with deceased person.*—In an action by a surviving partner, on an account for goods sold and delivered by the partnership, the defendant pleading a set-off on account of moneys deposited by him with the partnership, he can not testify to the execution or contents of a receipt given to him by the deceased partner, in the name of the partnership, for moneys so deposited (Code, § 2765); nor can he testify that, on a settlement between him and the surviving partner, in which his receipts for deposits were produced, he claimed a balance of money left in the envelope in which his deposits were kept, but produced no receipt for it, alleging that his receipt was lost.

3. *Relevancy of evidence as to ownership of money.*—Defendant claiming a set-off on account of moneys deposited by him with the firm of which plaintiff sues as surviving partner, to the extent of a balance in money found in the envelope in which his deposits were kept, after satisfying all receipts produced by him; it is not competent for the plaintiff to prove a deposit of money made by another person, and payment thereof to him after the settlement with defendant.

4. *Liability of partnership for acts of partner; set-off.*—In an action brought by a surviving partner, on an account for goods sold and delivered by the partnership, the defendant can not claim a set-off on account of moneys deposited by him with the deceased partner individually as special bailee, which were never mixed with the partnership funds; but, if the evidence shows that the deceased was the managing partner, and gave receipts for deposits in the name of the partnership, these facts are proper for the consideration of the jury in determining whether the partnership is liable.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. W. FOSTER, as special judge.

This action was brought by H. Z. Parker as surviving partner of H. Z. Parker & Son, against L. M. Edwards; was founded on an account for goods sold and delivered by said firm to the defendant, amounting to $182.45, and was commenced on the 24th May, 1887. The case was before this court on appeal at a former term, as shown by the report in 85 Ala. 246. The judgment-entry in the present transcript recites that the cause was tried "on issue joined on the plea of the general issue;" but the record sets out a special plea of set-off, verified by affidavit, and a replication thereto, also verified by affidavit. The set-off claimed was for $195, money alleged to have been deposited by defendant with Parker & Son, and for which a receipt, or certificate of deposit, was given by them, a copy of which, dated January 10th, 1886, was set out in the plea; which receipt, or certificate, was alleged to have been lost. The replication denied that any such receipt was ever executed or delivered.

On the trial, as the bill of exceptions shows, there was no controversy as to the correctness of the account sued on; and the controversy as to the set-off claimed involved a consideration of the following facts, as shown by the evidence: S.

D. Parker, deceased, was the managing partner of the firm of H. Z. Parker & Son, up to the time of his death, which occurred on the 27th July, 1886. The defendant was the county superintendent of education of said county, and made deposits of money with H. Z. Parker & Son, amounting to several thousand dollars, for which he took receipts, or certificates of deposits; and the evidence tended to show that these receipts were signed by S. D. Parker, in the name of H. Z. Parker & Son. Defendant also seems to have made individual deposits, and drawn out money at different times, for which he gave receipts; and the evidence tended to show that his deposits of money, and his receipts for moneys paid out to him, were deposited in an envelope, which was kept in a safe, or private drawer, by S. D. Parker. After the death of S. D. Parker, a settlement was had between plaintiff and defendant as to these matters, several persons being present; when it appeared from an examination of the contents of the envelope, that a balance of $195 in money was left, after giving the defendant credit for all the receipts, or certificates of deposit, produced by him. The defendant claimed that this money was his; that his accounts as county superintendent "were short" about that amount, which he had paid up; and that he had lost the receipt, or certificate of deposit, given for the money when deposited. The defendant, testifying for himself, stated these facts; but the court excluded his testimony as to the contents and loss of the receipt, and he excepted. The plaintiff produced a receipt, or certificate of deposit, for $100, given by H. Z. Parker & Son to J. M. Carmichael, which was dated the 19th November, 1885, and proved the payment of the amount to said Carmichael after said settlement with defendant; and the court admitted this evidence, against the objection and exception of the defendant.

The court gave the following charges to the jury, on request of the plaintiff: (1.) "If the jury believe from the evidence that the defendant's deposits of money were made with S. D. Parker alone, as a special bailee without reward, and not with H. Z. Parker & Son, and were not mingled with the partnership funds, but were kept on special deposit within the private possession of S. D. Parker, and are reasonably persuaded from the evidence that the deposits were specially made with S. D. Parker,—then the plea of set-off can not be sustained." (2.) "If the jury believe from the evidence that the deposits were specially made with S. D. Parker, the

deceased member of said firm, and were kept in a private department of his own, and not mingled with the partnership funds, and that said deposits were without the scope of the partnership business,—then the plea of set-off can not prevail against the plaintiff's action as surviving partner."

The defendant excepted to each of these charges, and he now assigns them as error, together with the rulings on evidence above stated.

H. L. MARTIN, W. D. ROBERTS, and W. E. MAULDIN, for appellant, cited *Parker v. Edwards*, 85 Ala. 246; 52 Ala. 557; 73 Ala. 205; 83 Ala. 260.

H. H. BLACKMAN, *contra*, cited Code, § 2765; *Dudley v. Steele*, 71 Ala. 423; *Hussey v. Peebles*, 53 Ala. 432; *Kumpe v. Coons*, 63 Ala. 448; *Wood v. Brewer*, 73 Ala. 259; *Dismukes v. Tolson*, 67 Ala. 386; *Henry v. Porter*, 46 Ala. 293; *Wright v. Paine*, 62 Ala. 340.

CLOPTON, J.—Defendant, admitting the correctness of the account upon which appellee sues as surviving partner of H. Z. Parker & Son, seeks to set off a demand for money deposited, for which the plea avers a receipt was given in the firm name. A copy of the receipt, which is alleged to be lost or mislaid, is set out in the plea. When this case was before the court at a former term, it appeared then, as it now does, that the deposit was made with S. D. Parker, the deceased member of the firm. It was ruled, that the defendant was incompetent to testify to the execution or contents of the receipt, on the ground that this would be to allow him to testify to a transaction with the deceased partner, which is within the exception of the statute forbidding either party to testify against the other as to any transaction with a deceased person, whose estate is interested in the result of the suit.—*Parker v. Edwards*, 85 Ala. 246.

After the reversal and remandment of the case, defendant sought to avoid the influence of the former decision, by making and filing, with the plea of set-off, an affidavit of the loss and contents of the receipt, and that it had not been paid or otherwise discharged, as required by the statute in case of suit on a lost instrument. To prevent the affidavit from having the effect of presumptive evidence, dispensing with further proof, plaintiff, by replication verified by affidavit, denied the execution of the receipt. In such case, the statute

[Edwards v. Parker.]

declares, proof of its execution must be made.—Code, 1886, § 2597. The verified replication operates to restore the case to the same position as if the statutory affidavit had not been made, and to bring the competency of the defendant to testify to the execution and the contents of the receipt within the ruling on the former appeal.

It appears that defendant had deposited with S. D. Parker, at various times, different sums of money, aggregating several thousand dollars. He put the money so deposited in envelopes, which were kept in his private drawer in the safe. Some of the receipts had been taken up and put in the same envelopes. By request of the plaintiff, for the purpose of making a settlement, defendant produced all the receipts in his possession. After paying the amount called for by the receipts produced, there remained one hundred and ninety-five dollars in the envelope, into which all the money and receipts were put after the death of S. D. Parker. Defendant offered to prove by the witnesses present at the settlement, that he then claimed this money, which constitutes the subject of set-off, and stated that he had lost or mislaid the receipt. The court admitted the evidence as to his claim of the money, but excluded the declaration as to the loss of the receipt. In this ruling there is no error of which the defendant can complain. The statement was tantamount, under the circumstances, to a declaration of the execution of the receipt by S. D. Parker, and was offered for this purpose. Affirmation of its loss carried affirmation of its prior existence. To have permitted the defendant to have proved the statement for the purpose of establishing the receipt, would have been an evasion of the statute; for it would have allowed him to prove, by an unsworn declaration, a fact to which he was incompetent to testify as a witness. Without disregarding the purpose and policy of the statute, a party can not be permitted to prove, by his own declarations, a transaction with a deceased partner, though in the hearing of the surviving partner, if the latter is not cognizant thereof, and is incapable to deny the statement, or explain the transaction.

The receipt given in the firm name to Carmichael, for one hundred dollars deposited November 19, 1885, and the testimony as to its payment, were introduced for the purpose of rebutting any unfavorable inference, arising from the fact that there was money in the envelope in excess of the amount of the receipts produced by defendant. It certainly was not admissible for any other purpose. In view of the tendency

of the evidence, that the deposits made by defendant were special, and kept separately, we are unable to perceive the *prima facie* relevancy of the receipt. The principal issue was, whether the money remaining in the envelope was deposited by defendant. That deposits were made by other persons, unless mingled and kept with the deposits of defendant, is merely speculative evidence, without proximate tendency to prove or disprove the principal issue, and affords no reasonable presumption or inference as to the material matter in dispute. As well would evidence of indebtedness to others tend to prove that plaintiff was not indebted to defendant. In any event, the payment to Carmichael, after the settlement, is *res inter alios acta.*

The first charge given at the request of plaintiff asserts a correct legal proposition. Unquestionably, if the money was not deposited with the firm, but with S. D. Parker individually, and as a special bailee, and was not mixed with the partnership funds, but kept separately in his possession as a special deposit, as the charge hypothetically states, it constituted only an individual liability, which can not be set off, in an action by the surviving partner, against the demand due the partnership. Defendant should have presented his theory of the case, based on evidence tending to show that the deposits were made with the firm, by explanatory or independent instructions.

The second charge, however, is not free from criticism. While the evidence shows that the deposits were made with S. D. Parker, and kept in his private drawer, it also shows that he was the managing partner, that he signed the receipts in the firm name, and that similar deposits had been made at different times on various previous occasions. The charge withdrew from the consideration of the jury the effect of these circumstances, as tending to show the deposits were made with the firm, and with the knowledge or consent of the other partner.

Reversed and remanded.