## PROVIDENCE.

CHARLES W. CLAPP, Surviving Partner, *vs*. CHARLES A. HULL.

The proviso to Pub. Stat. R. I. cap. 214, § 33, that "Whenever an original party to the contract or cause of action is dead, . . . . the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer . . . . unless a nominal party merely, or unless the contract in issue was originally made with a person who is living and competent to testify," etc., does not apply to a case where a surviving partner sues on a contract made with his firm, one member of which is dead.

In such case the defendant may testify to a conversation had between himself and the deceased partner.

DEFENDANT'S petition for a new trial.

*July* 10, 1894. PER CURIAM. The plaintiff, as the surviving partner of Richardson & Clapp, sues in *assumpsit* to recover the price of a horse sold by the firm to the defendant. The defence is that the horse, for the price of which the suit was brought, was delivered to the defendant in part payment for a horse of the defendant loaned to the plaintiff firm and sold by them without the defendant's authority. At the trial in the Court of Common Pleas, the defendant offered himself as a witness to testify in relation to a conversation between himself and the deceased partner. The plaintiff objected to the testimony as incompetent, because within the proviso to Pub. Stat. R. I. cap. 214, § 33. The court excluded the testimony, and the defendant excepted to its exclusion. The proviso, so far as material to the present inquiry, is as follows: "Whenever an original party to a contract or cause of action is dead, . . . . the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer . . . . unless a nominal party merely, or unless the contract in issue was originally made with a person who is living and competent to testify," etc.

In *Kenyon* v. *Peirce*, 17 R. I. 794, it was held that the words "the other party" in the proviso mean the party to

the contract or cause of action. The parties to the contract or cause of action in the present suit were the partnership on the one hand and the defendant on the other. "The other party," then, as opposed to the defendant was not the deceased partner, but the partnership. Unless, therefore, the partnership is to be regarded as dead, within the meaning of the proviso, the defendant was a competent witness and his testimony should have been received. In *Hayward* v. *French,* 12 Gray, 453, a similar provision of a statute was considered. The action was contract against a surviving member of a partnership on a contract made in the partnership name by a deceased partner. The court held that the proviso was not applicable to the case of a suit brought against a partnership originally consisting of three members, one of whom had deceased before the trial, and on which trial the plaintiffs were offered as witnesses. It, therefore, sustained the ruling of the court below that the plaintiffs were competent witnesses. Dewey, J., remarked: "The phrase 'one of the original parties to the contract' must be held to mean the legal party to the contract. This must confine the exception to the case of a sole party to the contract on the one side, or, in case of several joint promissors or copartners, to the case of the death of all of them. This was not the individual contract of any member of the firm, but the contract of the firm, that was set up as the cause of action, and the party was the firm and not the individual. . . . . If it were held otherwise and this proviso deemed applicable to all cases where any member of a firm had deceased, it would be equally applicable whether such deceased member of the firm had any direct agency in the matter or not. It would equally embrace a joint stock association of twenty as a copartnership of three. The loss of evidence by the death of one of several partners might be very material, but it may also be quite immaterial." The same construction of the statute was followed in *Brady* v. *Brady,* 8 Allen, 101; and *Goss* v. *Austin,* 11 Allen, 525.

We think that this construction of a similar statute in Massachusetts is equally applicable to that under considera-

tion. Though we have had no decision of the question, the rulings of the court at *nisi prius* have been in accordance with this construction.

It appears from the record that subsequently to the ruling the defendant was cross examined to a considerable extent concerning the conversation excluded by the ruling. The court did not, however, change its ruling, and it is claimed that the defendant did not state fully the matters concerning which he desired to testify. We, therefore, sustain the exception and grant the defendant's petition for a new trial.

The cause is remitted to the Common Pleas Division for a new trial.

*Francis Colwell & Walter H. Barney*, for plaintiff.
*Charles H. Page & Franklin P. Owen*, for defendant.