THE BENTON COUNTY SAVINGS BANK, Appellant, v. THOMAS T. STRAND, Executor.

**Alteration of Note:** JURY QUESTION.   The executor of the indorsee of a note defended an action thereon against him in his representative capacity on the ground that when his testator indorsed the note the words "demand, notice, and protest waived," stamped in red ink between the order to pay, written with a pen, and the indorsee's signature underneath, were not on the note.   The executor who was a witness of the indorsement, testified that the words were not there when the indorsement was made, but his conclusion was reached under circumstances that made its correctness doubtful.   *Held,* that it was error to refuse to admit the

note itself as evidence, since the indorsement thereon being a considerable space below the order to pay, raised a question for the jury as to the correctness of the executor's statement.

PERSONAL TRANSACTION WITH DECEDENT.   In an action by the holder of a note, his immediate indorser is incompetent to testify, as against the estate of the deceased payee, that, before the name of a witness to payee's indorsement was placed on the paper, the words, "demand, notice, and protest waived," were on the back of the note, since the evidence is, in effect, that the words were there when the payee's name was indorsed, which would be testifying to a personal transaction between himself and his deceased indorser as to the circumstances under which she indorsed the note.

Witnesses: CONTRADICTION BY ONE CALLING.   A party is not bound by statements of his own witness, if shown to be untrue by other evidence.

Probate Law: PLEA AND PROOF.   Code, 1873, section 2410, provides that all claims filed against an estate, not expressly admitted in writing and signed by the executor with the approbation of the court, shall be considered as denied without any pleading on behalf of the estate.   Acts Twenty-sixth General Assembly, chapter 25, amending the section reads "provided that the burden of proving that a claim is unpaid shall not be placed on the party filing the claim against the estate; but that the executor or administrator may, on the trial of said cause, subject the claimant to an examination on the question of payment, but the estate shall not be concluded or bound thereby."   *Held*, that under such law an executor in a probate proceeding need not plead a special defense to a note executed by testator in order to permit such defense to be proven.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

THURSDAY, OCTOBER 27, 1898.

G. A. MILLER & SONS and V. A. Thomas executed their joint note to the plaintiff bank for one thousand dollars April 28, 1892.   E. E. Hartung is the cashier of the plaintiff bank. On the back of the note are the following indorsements:

"Pay E. E. Hartung or order.   Demand, notice, and protest waived.      ·                                    her
                                        "Sophia   X   Johnson.
"Witness:   Axel Mehlberg.            mark.
"Pay to Benton County Savings Bank.
                                        "E. E. Hartung."

Sophia Johnson has since died, and this is a proceeding to have the note established as a claim against her estate, because of the indorsement. The claim was filed in due form, and the issue thereon is such as arises by operation of law, no answer being filed. A jury was impaneled to try the issues, and at the close of the evidence the court, on motion of the administrator, instructed for a verdict in his favor, and the plaintiff appealed.—*Reversed.*

*Tom H. Milner* for appellant.

*Gilchrist & Whipple* and *B. L. Wick* for appellee.

GRANGER, J.—I. Axel Mehlberg is the present executor of the estate, and is substituted as defendant in lieu of Thomas T. Strand, now deceased. Mehlberg is the witness to the signature of Sophia Johnson on the back of the note. The executor denies liability on the note, on a claim that when Mrs. Johnson indorsed the note the words, "Demand, notice, and protest waived," were not on the note. We have the original note for inspection, and the words, "Pay to the order of E. E. Hartung," are written in ink with a pen. Just below these words, in red ink, as made by a stamp, are the words, "Demand, notice, and protest waived," followed by the signatures. At the trial, Mehlberg was the witness for plaintiff, and testified that he was a son-in-law of Mrs. Johnson, knew her in her lifetime, and was present when the indorsement was made. He also testified that when the indorsement was made he did not see the words, "Demand, notice, and protest waived;" and later in his testimony he said that, when the signature of Mrs. Johnson was placed on the note, only the words written in ink were above the signature. This means that the words, "Demand, notice, and protest waived," were not there. The plaintiff offered the note in evidence, which the court, on objection by defendant refused, and the ruling is assigned as error. To a proper consideration of the question, it should be borne in mind that the signature of Mrs. Johnson on the note is not questioned. It conclusively

appears. The issue of fact in the case is, was the stamp impression of the words, "Demand, notice, and protest waived," placed on the note after the signature was made? It is not easy to give the true state of Mehlberg's testimony as it appears in the record. It is not too much to say that his conclusion that the words were not there when the signature was made is reached under circumstances that make the conclusion doubtful. There is in his testimony, taken as a whole, an element of uncertainty. As we have said, the note is before us for inspection, and it is not to be said that the note, as evidence, would not aid to a conclusion of the fact at issue. The manner in which the writing in ink first appears, then the stamp impression followed by the signature, showing the spaces with the indorsements as they now are, and as they would be with the words in dispute omitted, would certainly aid in determining the question of fact. It is to be borne in mind that to admit the note in evidence is not to concede a liability thereon, but to merely make it evidence, so that the manner and appearance of the indorsement may be considerd with other evidence to know whether it has been changed or not. In case of a disputed signature, when the issue is made, the signature in question is proper in evidence on the question of its genuineness. We do not see why the same rule does not obtain here, where the genuineness of an indorsement is involved. By the ruling the issue of fact was taken from the jury; the court saying, in effect, that the indorsement itself could not be considered to discredit the testimony of Mehlberg, if, as evidence, it would have that effect. And we may properly say that, with the note in evidence, we think there would have been a question for the jury. That Mehlberg was plaintiff's witness makes no difference. Plaintiff was not bound by his statements, if shown untrue by other evidence.

II. In view of a new trial, it is probably well that we should settle a dispute as to the competency of E. E. Hartung as a witness for plaintiff. It will be remembered that he is the indorsee in the indorsement in question, so that it was a

personal transaction between him and Mrs. Johnson. He was present when the indorsement was made, and was a witness for plaintiff, and testified to the time when he first saw the words, "Demand, notice, and protest waived," on the back of the note. He testified to the fact in different ways, as that he saw the words there before the name of Axel Mehlberg was written there. The purpose of the evidence was to show that he saw the words there before the name of Mrs. Johnson was placed to the indorsement. The court struck out such evidence as being incompetent under section 3639 of the Code of 1873. The ruling was right. For the witness to say that he saw the words on the note before Mehlberg's name was there was to say, in effect, that the words were there when Mrs. Johnson's name was placed there, which he would not be permitted to do, because it would be testifying as to a personal transaction between himself and Mrs. Johnson, by stating the circumstances under which she signed the note. It is said that, if she were alive, she could not contradict the statement of the witness that he did see the words there before Mehlberg's name was there, but we think she could. Mehlberg's name was placed on the note to witness her signature, which she knew ; and, if she knew that the words were not there when she signed, she could say that they were not there when Mehlberg signed. It is to be said that the indorsement, including the witnessing, was a transaction between Mrs. Johnson and Hartung, at which both were present; and any testimony by Hartung that would disclose the transaction as then seen by him would be within the provisions of the section, and prohibited. It is thought that some language in *McElhenney v. Hendricks,* 82 Iowa, 657, authorizes such testimony, wherein it is said that "the statute does not exclude the proof of facts from which by inference other facts may be found." The language is applied to a different state of facts from those in this case, and as applied is correct.

III. It is probably well that we should settle the question of the necessity to plead the special defense before it could

be proven. It will be remembered that a denial of the claim was the statutory one only, and it is thought that, as the claim of an alteration of the indorsement is a special defense, it should have been pleaded as such, even in a probate proceeding. A statute in force when the cause was tried is as follows: "All claims filed and not expressly admitted in writing, signed by the executor with the approbation of the court, shall be considered as denied without any pleading on behalf of the estate." Code 1873, section 2410. The section was amended by chapter 75, Acts Twenty-sixth General Assembly, as follows: " 'Provided that the burden of proving that a claim is unpaid shall not be placed upon the party filing a claim against the estate;' but that the executor or administrator may, on the trial of said cause, subject the claimant to an examination on the question of payment, but the estate shall not be concluded or bound thereby." The law as amended does not make it necessary to plead special defenses, as in other cases. The present law provides that special defenses must be pleaded. Code, section 3340. The question must be determined under the law as it was when determined below. Under the law as it then stood, the claimant was required to show that he had a valid claim, even to the extent of showing that the signature was genuine, without a compliance with our general statutory provision as to how the genuineness of a signature can be put in issue. Code 1873, section 2730. We think in this case the issue is such that the question of the liability of the estate for the payment of the note is presented. When the signature to the note is so established as to admit the note in evidence with the indorsements, it may be sufficient, *prima facie*, to show a right of recovery. If so, it would be a compliance with the rule that the law puts in issue the truth of every allegation and claim which is essential to the plaintiff's recovery. If afterwards the integrity of the claim is assailed, the right of recovery must depend on the weight of the evidence. For the error in excluding the note when offered in evidence, the judgment must be REVERSED.