[No. 3573.   Decided March 2, 1901.]

BAY VIEW BREWING COMPANY, *Respondent,* v. PETER GRUBB, *Appellant.*

BILLS AND NOTES — PLEADING — ALLEGATION OF CONCLUSIONS — WAIVER OF DEMAND AND NOTICE.

An allegation in a complaint upon a promissory note against an indorser thereof that at the time of indorsement "he waived demand and notice" is not such a conclusion of law as to render the complaint demurrable for want of facts, since such allegation is one of the facts, although the facts stated may embody a conclusion as well.

SAME — PROOF ADMISSIBLE UNDER GENERAL DENIAL.

In an action against an indorser upon a promissory note, in which the complaint alleges waiver by defendant of demand and notice, the defendant may, under the general denial, prove that the waiver was not upon the note at the time of its indorsement by him, since it is necessary on plaintiff's part to prove his averment of waiver, and the general denial puts in issue all the material allegations of the complaint.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge.   Reversed.

*Trumbull & Trumbull,* for appellant.

The opinion of the court was delivered by

DUNBAR, J.—This is an action upon two promissory notes, each of said notes being made a separate cause of action.   No error is alleged in relation to the first cause of action.   In the second cause of action is alleged execution of the note to the appellant by John Nelson and Mary Nelson, whereby they promised to pay the sum of $474, with interest, etc.   Then follows an allegation of transfer of the note by indorsement to respondent, and an allegation "that at the time of the said indorsement by the defendant he waived demand and no-

tice." To this cause of action the appellant demurred, which demurrer was overruled, and the action of the court in overruling the demurrer is alleged as error.

It is the contention of the appellant that the allegation that the defendant waived demand and notice is not an allegation of fact, but simply a conclusion of law; that, where no notice has been given and the plaintiff relied upon facts excusing such notice or showing a waiver thereof, such facts must be specifically alleged by the plaintiff; and several cases are cited to sustain the contention. But we do not think the cases cited are in point. They rather go to the extent that the facts proved must correspond with the averments. There is but one way known to the law by which demand and notice can be waived, and the defendant cannot but be apprised of what he is called upon to defend by the allegation in· this complaint. It is true that the law does not countenance the pleading of conclusions, instead of alleging facts, under the provisions of the Code, but, when the fact embodies a conclusion, as it seems to us it does in this case, the provisions of the Code are not violated. It has always been held sufficient to allege, in a suit for the collection of money due on a note, that demand had been made and refused, without setting forth the words which were used in making the demand or in the refusal to pay. And yet it might be said that in that instance both the allegations of the demand and refusal were the pleading of conclusions. We think the complaint was sufficient in that respect, and that the demurrer was properly overruled.

After the plaintiff had rested and appellant was introduced as a witness in his own behalf, he testified that the words, "demand and notice waived," were not in his handwriting. He was then asked by his counsel the fol-

lowing question: "At the time you indorsed this note 'Plaintiff's Exhibit B,' were the words waiving demand and notice there?" This question was objected to by the plaintiff, on the ground that the same was immaterial and irrelevant, and that the defendant, under his general answer, could not make any such proof, but that, if the defendant intended to rely upon such defense, it should have been specially pleaded. The objection was sustained by the court, and defendant excepted, and the action of the court in sustaining this objection is alleged as error.

We think the court erred in not permitting the defendant to testify in this regard. The waiver of notice and demand was one of the necessary averments to give a right of action against the defendant upon this note.

"Where no notice has been given and the plaintiff relies on facts excusing such notice or showing a waiver thereof, such facts must be specifically alleged by the plaintiff. This is in accordance with the rule that all the facts which constitute the cause of action must be stated by the plaintiff, and every fact on which an action depends is deemed constitutive." 14 Enc. Pl. & Pr. 1069.

If this be true, then, before the plaintiff can recover, he must prove the averments of the complaint of waiver of notice, and, under all authority, testimony which tends to dispute the constitutive averments of a complaint may be introduced under the general denial. The material allegations of the complaint, when denied either generally or specifically, determine in each case what evidence and what defenses may be given and established by the defendant. It is said by Mr. Pomeroy, in his Code Remedies (3d ed.), § 670:

"As the denial puts in issue all the material allegations of fact made by the plaintiff, whether originally

necessary or not, he is at liberty to introduce all and any legal evidence which tends to sustain those allegations. On the other hand, under the same issue, the defendant is entitled to offer any evidence which tends to contradict that of the plaintiff, and to deny, disprove and overthrow his material averments of fact. This is the fundamental and most comprehensive doctrine of pleading embraced in the new procedure, and it of course determines the nature of the defenses which may be set up under a general denial."

The conclusion reached, that the court erred in sustaining objections to this testimony, necessitates the reversal of the cause, and renders unnecessary a determination on the other points raised, as they will probably not arise in the re-trial of the cause.

Reversed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.