[No. 3687.   Decided September 5, 1901.]

H. J. WHITNEY, *Respondent,* v. W. M. PRIEST *et al., Appellants.*

PLEADING—DEPARTURE—CURED BY AMENDMENT.
   The fact that plaintiff's reply showed a departure from his complaint as originally filed cannot be urged as error, where the lower court authorized the complaint to be amended on the trial to correspond to the evidence, whereby the objection of departure in the pleadings was at the same time eliminated.

WITNESSES—TRANSACTIONS WITH DECEDENT—PARTIES IN INTEREST—
             HUSBAND AND WIFE.
   Under Bal. Code, § 5991, which provides that in an action where the adverse party sues as administrator of a deceased person, then a party in interest shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased person, a wife cannot testify to such transactions or statements between her husband and a deceased person, although made or done in her pres-

ence, where community interests are involved in the result of the action.

Appeal from Superior Court, Lincoln County.—Hon. Charles H. Neal, Judge.    Reversed.

*Joseph Sessions* and *Sullivan, Nuzum & Nuzum,* for appellants.

*Martin & Grant* and *Wright & Wright,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Action by plaintiff, Whitney, a physician and surgeon, against W. M. Priest, as administrator of the estate of his wife, Harriet S. Priest, deceased, to recover compensation for services as physician and surgeon to the deceased during her last illness.

The first assignment of error is that there was a departure between the cause of action set out in the complaint and that stated in the reply, and also that the evidence did not sustain the contract alleged in the complaint.    The court authorized the amendment of the complaint, and we are satisfied that such amendment was within its discretion, and perceive no reversible error under this assignment.

Mrs. Josephine Whitney, wife of the plaintiff, was permitted, over the objection of the defendant, to testify to the terms of the contract between plaintiff and the deceased, Mrs. Priest.    She testified that she was present with her husband, the plaintiff, and that the plaintiff and the decedent agreed upon the terms of the contract for plaintiff's surgical treatment of deceased.    It is claimed by the defendant that this was error; that Mrs. Whitney was incompetent, under the proviso of § 5991, Bal. Code, which, so far as it relates to her testimony, is as follows:

"Provided, however, that in an action or proceeding where the adverse party sues or defends as executor, ad-

ministrator, or legal representative of any deceased person, . . . then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased . . . person."

The plaintiff and the witness Josephine Whitney were husband and wife. The professional services which were the subject of contract between plaintiff and the deceased involved the community interest. The compensation for such services belonged to the community. Mrs. Whitney was interested equally with her husband. She is equally interested in the result of this action. She must necessarily be said, therefore, to be a party in interest, and the transaction and the statements made to plaintiff must equally involve his wife. The witness then falls within the disability of the proviso of the statute, and it was error to admit her testimony as to the transaction and statements made by the deceased to the plaintiff.

The judgment must, therefore, be reversed.

WHITE, FULLERTON and DUNBAR, JJ., concur.