[No. 4263.   Decided February 10, 1903.]

BAY VIEW BREWING COMPANY, *Respondent*, v. PETER
GRUBB, *Appellant*.

LIMITATION OF ACTIONS — WAIVER OF OBJECTION.

Where a defendant did not raise the objection, either by de-
murrer or answer, that the cause of action was barred by the
statute of limitations, until after trial and judgment and the
case came back for retrial after reversal on appeal, the objection
must be deemed as waived, under Bal. Code, § 4911, which pro-
vides that "if no objection be taken either by demurrer or
answer, the defendant shall be deemed to have waived the
same."

WITNESSES — TRANSACTIONS WITH DECEASED PARTNER.

Under Bal. Code, § 5991, which provides that in an action
where the adverse party derives right or title by, through, or
from any deceased person, then a party in interest or to the
record shall not be admitted to testify in his own behalf as to
any transaction had by him with such deceased person, evidence
of a transaction had with a deceased member of a partnership
is inadmissible, when the surviving partner was not present nor
had any personal knowledge of the transaction.

SAME — ACTION ON PROMISSORY NOTE — TESTIMONY AS TO ALTERA-
TION — COMPETENCY.

The indorser of a promissory note cannot testify that a
waiver of demand and notice was not on the back of the note
when he indorsed it, where action is brought upon the note by
the successor in interest of a deceased person with whom the
transaction had been had.

Appeal from Superior Court, Clallam County.—Hon.
OLIVER V. LINN, Judge.   Affirmed.

*Trumbull & Trumbull,* for appellant.

*Preston & Embree,* for respondent.

The opinion of the court was delievred by

MOUNT, J.—This was an action brought upon two
promissory notes.   One of these notes was executed and

delivered by defendant to Hemrich & Co., a partnership consisting of Andrew Hemrich, John Hemrich, and Fred Kirschner, and by the partnership transferred to the plaintiff. The other note was executed and delivered by John Nelson and Mary Nelson, his wife, to defendant, and by him indorsed to the partnership above named, which in turn transferred it to the plaintiff. At the time the action was begun, John Hemrich and Fred Kirschner, two of the partners above named, were dead, and Andrew Hemrich, the surviving member of the partnership above named, was president of the plaintiff corporation. The cause was before this court upon a former appeal. 24 Wash. 163 (63 Pac. 1091). Prior to that appeal no defense whatever was made to the first cause of action, being the cause of action upon the note first above described. When the cause was sent back for a new trial, the defendant asked leave of the court to withdraw his answer to the second cause of action and file a demurrer to the first cause of action. This leave was granted, and defendant thereupon filed a demurrer to the first cause of action, upon the ground: (1) That it was barred by the statute of limitations, and (2) that it did not state facts sufficient to constitute a cause of action. The second ground of demurrer was not, and is not now, insisted upon. The demurrer was overruled, and defendant answered to the second cause only. This answer consisted of a denial of all the allegations of the second cause, and affirmative matter; which affirmative matter was, on motion of the plaintiff, stricken out. Upon a trial judgment was rendered for the plaintiff for the full amount prayed, and defendant appeals.

Several errors are alleged. We think but two of them require notice.

1. It appeared on the face of the complaint that the

first cause of action was barred by the statute of limitations, because the complaint was not filed within six years from the time the cause of action accrued. *Cresswell v. Spokane County,* 30 Wash. 620 (71 Pac. 195). Respondent insists that appellant, under the statute, waived this ground of demurrer, and cannot urge such error at this late day. This contention must be sustained. The statute (Bal. Code) provides as follows:

"§ 4907. The defendant may demur to the complaint when it shall appear upon the face thereof either,— . . . 7. That the action has not been commenced within the time limited by law."

"§ 4909. When any of the matters enumerated in section 4907 do not appear upon the face of the complaint, the objection may be taken by answer."

"§ 4911. If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting always the objection that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be made at any stage of the proceedings, either in the superior or supreme court."

The objection that the action had not been commenced within the time limited by law clearly appeared upon the face of the complaint. When the defendant appeared in the case, no objection was taken to the first cause of action by either demurrer or answer. It was confessed thereby the plaintiff was entitled to judgment, and judgment was entered. The cause thereafter came to this court upon errors assigned in the trial of the second cause of action. No objection was taken to the first cause. If the statutes above cited are to be given any force whatever, certainly the defendant waived the objection which he now tries to make; and, if the court had any discretion to allow the answer to be withdrawn and the demurrer

filed on the ground that the action was barred by the statute of limitations, it was an abuse of that discretion to permit the demurrer to be filed upon that ground after trial and judgment, and after the cause had been appealed to this court upon other questions.

2. On the trial the plaintiff offered in evidence the note with the indorsement described in the second cause of action, and, after he had identified the signature of the defendant to the indorsement, it was received in evidence. The indorsement on the note was as follows: "Demand and notice waived. Peter Grubb." When defendant was on the stand, he admitted his signature to the indorsement, and was asked this question: "At the time you first put your name on the back of the note, were the words, 'Demand and notice waived,' there?" This question was objected to upon the ground that the member of the partnership, Fred Kirschner, with whom Mr. Grubb had the transaction, was dead, that the surviving member had no personal knowledge of the transaction at all, and that the defendant cannot now be heard to say that the words were not on the note at the time he signed it. This objection was sustained. The statute under which the objections were made is as follows:

"§ 5991.  No person offered as a witness shall be excluded from giving evidence by reason of his interest in the event of the action, as a party thereto or otherwise; but such interest may be shown to affect his credibility: Provided, however, That in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through, or from any deceased person, or as the guardian or conservator of the estate of any insane person, or of any minor under the age of fourteen years, then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him

by any such deceased or insane person, or by any such minor under the age of fourteen years: Provided further, That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and who have no other or further interest in the action."

There can be no doubt that, if this note had been indorsed to an individual, and that individual had transferred the note to the plaintiff, in the event of the death of the individual, the defendant could not be heard to testify in his own behalf as to any transaction had by him with, or any statement made to him by, such deceased person. It is admitted by the defendant that he indorsed the note. The act of indorsement was as much a transaction with the deceased person as the signing of a note could be. It certainly could not be held that, where the maker of a note is sued, and the executor or administrator of the payee sues as deriving right by or through a deceased person where the signature is confessed, the maker can be heard to testify after the death of the payee that the note had been altered or changed after execution and delivery, without his consent. The presumption is that all transactions are honest, and that when a paper writing is executed it remains the same. The burden is upon one alleging the contrary to prove it. If a person may be heard to say that a note signed and delivered to another since deceased has been changed or altered, he may also be heard to testify to a transaction had by him solely with the deceased person, who, if alive, would be the only person who could contradict such testimony. The object of the statute clearly was that, where one of the parties to a transaction or contract is dead, the mouth of the other is closed concerning that transaction. If the defendant may be heard to say that the words "Demand and notice waived" were not on the note when he indorsed it, he

may be heard to say that the note itself has been changed, or that it is not the note he intended to indorse, or he may be heard to contradict or vary the note in any other particular. If the words of waiver were not upon the note when the note was indorsed and delivered, but were subsequently placed there without the consent of the defendant, then the act of placing the words over the signature of the defendant was not a transaction by the defendant with the deceased person. But when it is admitted that there was a transaction, then a party in interest or to the record—the other being dead—cannot be heard to detail what that transaction was, or to say that there was no transaction. In other words, when defendant admits that there was a transaction, he cannot be heard to say that there was no transaction for the purpose of showing what the real transaction was. If the fact is that the note or indorsement has been materially changed since he signed and delivered it, that fact must be proved by some other evidence than evidence by the mouth of the defendant as to the condition of the note at the time it was indorsed. By this statute parties are placed upon a footing of absolute equality. One may testify when the other may. But when one of the parties to the contract or transaction is dead, then the other cannot be heard to speak as to what was said or done at the time of the transaction. Hardship may result in particular cases, but generally justice will more fully prevail by reason of the rule. The rule is stated in 2 Cyc., p. 250, as follows:

"Under statutory inhibitions against parties to suits testifying as to personal transactions with decedents in their lifetime, on the issue as to an alteration it is not competent for a party to testify as to the condition of an instrument at the time of its execution, when the other party is dead; but, on the other hand, questions which do not call for answers as to personal transactions with deceased during his life are competent."

In *Boughton v. Bogardus,* 35 Hun, 198, it was held that the plaintiff could not be heard to testify that a receipt given by her to a deceased person had been changed by writing certain words over the signature of the witness. In *Re Brown's Estate,* 92 Iowa, 379 (60 N. W. 659), where the plaintiff was suing an estate, it was held that the plaintiff was not competent to testify whether or not the words upon the face of the check were upon it when delivered, because the evidence called for a personal transaction with the deceased person. To the same effect are the following cases: *Harris v. Bank of Jacksonville,* 22 Fla. 501 (1 South. 140, 1 Am. St. Rep. 201); *Benton County Sav. Bank v. Strand,* 106 Iowa, 606 (76 N. W. 1001); *Wilcox v. Corwin,* 117 N. Y. 500 (23 N. E. 165); *Kroh v. Heins,* 48 Neb. 691 (67 N. W. 771); *Jewell v. Walker,* 109 Ga. 241 (34 S. E. 337); *Foster v. Collner,* 107 Pa. St. 305.

In *Kline v. Stein,* 30 Wash. 189 (70 Pac. 235), where the suit was against third persons, this court held that, where the plaintiff claimed title to lands purchased from a deceased person, he could not be heard to state what was the transaction with the deceased person; and in *Re Alfstad's Estate,* 27 Wash. 175 (67 Pac. 593), that a surviving partner could not be heard to testify as to the alleged partnership agreement between herself and her deceased brother. In *Spencer v. Terrel,* 17 Wash. 514 (50 Pac. 468), it was held that, when a deed of property had been made to the wife during her lifetime, the husband, after her death, could not be heard to say that the deed to her was in fact in trust for him; and in *Whitney v. Priest,* 26 Wash. 48 (66 Pac. 108), that the wife of the plaintiff could not be heard to testify to the terms of an oral agreement made between her husband and a deceased person in her presence, because she was a party in

interest. It follows from these authorities that, if suit had been brought on this note by Hemrich & Co. against the indorser, and the indorser were dead, neither of the partners could have testified to the transaction of indorsement. If, as above stated, the object of the statute was to put the parties to the transaction upon a footing of equality, then it follows that, if suit had been brought by Grubb against Hemrich & Co. to cancel the note, and all the partners were dead, Grubb could not be heard to testify to any conversation or transaction with one of the deceased partners. When the note was indorsed and delivered by the defendant to Mr. Kirschner that act was certainly a transaction between Mr. Kirschner and the defendant.

It remains for us to consider the effect of the death of one of the partners upon the right of the defendant to testify to a transaction wholly with the deceased partner. We have seen above that under the statute, if A. were to execute and deliver a note to B., and B., after maturity of the note, were to indorse it to C., and C., after the death of B., were to bring suit on the note against A., A. could not be heard to testify concerning the transaction with B., because C. derives his right through B., a deceased person. If B. had a partner at the time he received the note and the note was in fact the property of the copartnership, it seems in reason that B.'s partner should be in no worse position, merely because he was a partner, than B.'s indorsee. B. holds a different position with reference to the partnership from a mere agent of the partnership. It is no doubt true that each partner in the firm has a right to bind the firm in the transaction of business within the scope of the copartnership, and that a transaction with one of the members of the firm is a transaction with the firm. But when any member of the

partnership dies the partnership is thereby dissolved, and under the statute of this state (Bal. Code, § 6188) the administrator of the individual estate of such partner must inventory the partnership assets, which are thereafter treated as the assets of a deceased person. Such an effect does not follow when a mere agent dies. It is not necessary in this case to, and we do not now, decide what the result would be in case of a similar transaction with the deceased agent of a partnership. What is said above is to show that there is a clear distinction between the death of a partner in a copartnership and the death of a mere agent for the copartnership; and, even if the rule prevails under the statute that declarations to or by, or transactions with, a deceased agent may be shown, it does not necessarily follow that the rule applies to declarations and transactions with or by a deceased partner. The rule is stated in 29 Am. & Eng. Enc. Law, p. 712, as follows:

"In an action by or against a surviving partner, the opposing party is not, as a rule, competent to testify to transactions or conversations with the deceased partner. But it has been held that the opposing party may testify where the surviving partner was present and was cognizant of the whole transaction, and where the transaction or conversation proposed to be proved was had with the surviving partner, though before the death of his copartner."

The following cases are in point, and sustain the above rule under statutes similar to our own: *Harris v. Bank, supra; Gage v. Phillips,* 21 Nev. 150 (26 Pac. 60, 37 Am. St. Rep. 494); *Green v. Edick,* 56 N. Y. 613; *Clift v. Moses,* 112 N. Y. 426 (20 N. E. 392); *Edwards v. Parker,* 88 Ala. 356 (6 South. 684); *Alexander's Exrs. v. Alford,* 89 Ky. 105 (20 S. W. 164); *Standbridge v.*

*Catanach,* 83 Pa. St. 368; *Hanna v. Wray,* 77 Pa. St. 27; *Stuart v. Altman,* 8 Tex. Civ. App. 657 (28 S. W. 461).

Many of the states, like Michigan, Ohio, Kansas, and others, have statutes expressly providing that a party in interest cannot testify where the transaction was with the deceased partner. Our statute in express terms does not so provide, but its terms are broad enough, and were intended, to include such persons. There are some authorities which hold the opposite rule, notably *Hess v. Lowrey,* 122 Ind. 225 (23 N. E. 156, 7 L. R. A. 90, 17 Am. St. Rep. 355); *Clapp v. Hull,* 18 R. I. 652 (29 Atl. 687); *Combs v. Black,* 62 Miss. 831.

We think the rule quoted above is in accord with the spirit of our statute, and amply supported by reason.

It was, therefore, not error to sustain the objection to the evidence offered on the ground named, and the judgment is affirmed.

DUNBAR and ANDERS, JJ., concur.