[No. 6428. Decided April 23, 1907.]

John O'Connor, *Respondent*, v. Bessie Slatter, *Administratrix of the Estate of John Slatter, Deceased, Appellant.*[1]

Witnesses—Competency—Transactions With Deceased Person. Bal. Code, § 5991, providing that a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had with a deceased person, where the "adverse" party sues or defends as executor, administrator or legal representative of the deceased, does not disqualify an interested party, defending as administratrix, from testifying on behalf of the estate of such deceased as to such transactions had with him.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 28, 1906, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, after a trial on the merits, in an action on promissory notes. Reversed.

*Richardson, Roche & Onstine* and *D. W. Hurn,* for appellant.

*Merritt, Oswald & Merritt,* for respondent.

Mount, J.—This action was brought by the respondent against the appellant, to recover upon several promissory notes guaranteed by indorsement by John Slatter during his lifetime. The appellant is the widow of John Slatter, deceased, and the administratrix of his estate. The answer ad-

[1]Reported in 89 Pac. 885.

mitted the indorsement of the notes, but alleged fraud of the respondent in obtaining the notes, and also that the guaranty contained on the back of the notes was placed over the blank indorsement of the deceased without notice to or knowledge of the said deceased, and without his consent; that the indorsements in blank were made with the understanding and agreement that said notes were thereby transferred to respondent without recourse upon said Slatter. These allegations were denied by the reply.

At the trial the appellant, who is the widow of the deceased and interested in the estate, was placed upon the witness stand, and after testifying that her husband never transacted any important business except in her presence and with her consent, and that she and her deceased husband were present with John O'Connor when the notes were indorsed, her counsel offered to prove by her that, when her deceased husband indorsed the notes, there was no printed matter or other writing upon the back of said notes or any of them, and that the writing now upon the same was placed there subsequently without the knowledge or consent of said John Slatter or the witness, and generally to prove the allegations of the answer. Counsel stated:

"We do not seek to prove by this witness any statements made to her by the deceased, or any transactions had by the deceased with her; but seek to limit the proof to transactions had by and between the plaintiff John O'Connor and the said John Slatter, and the statements made by the said John O'Connor to the said deceased at that time."

The trial court excluded this evidence upon the ground that the witness was incompetent to testify in her own behalf and, having no other evidence, the court directed judgment for the plaintiff. The question presented is, whether the wife is a competent witness in her own behalf in a case like this.

The statute upon the subject of the competency of witnesses is as follows:

"No person offered as a witness shall be excluded from giving evidence by reason of his interest in the event of the

action, as a party thereto or otherwise; but such interest may be shown to affect his credibility: *Provided, however,* That in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through, or from any deceased person, or as the guardian or conservator of the estate of any insane person, or of any minor under the age of fourteen years, then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased or insane person, or by any such minor under the age of fourteen years: *Provided further,* That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and who have no other or further interest in the action." Bal. Code, § 5991 (P. C. § 937).

The appellant contends that the words "where the *adverse* party sues or defends as . . . administrator" mean that any person may testify in favor of the estate even though he may have an interest or be a party to the record, and that the statute excludes only those witnesses who have an interest and are offered to testify adversely to the estate of a deceased person. The respondent, on the other hand, contends that the words "*adverse party*" are used to mean "*either party,*" so that the section should be construed as though it read, Where either party sues or defends, etc., then a party in interest or to the record should not be admitted to testify in his own behalf as to any transaction, etc., with such deceased person.

No statute exactly like ours has been called to our attention by the parties to this appeal, and upon independent investigation we have been unable to find any using the same language in the same order as ours. The authorities from other states upon similar statutes shed very little light upon the question presented here. This statute has been called to the attention of this court in many cases, but in all of them the party presented as a witness has been adverse to the party suing or defending in a representative capacity, and conse-

quently the question has not arisen as to whether a witness who was an interested party might testify in favor of the estate of a deceased person. In *Smith v. Taylor*, 2 Wash. 422, 27 Pac. 812, where the executrix sued to recover land from the defendant, it was held that the defendant was incompetent under the statute, and the court there remarked, at page 425:

"It is clear that plaintiff claimed by, through or from the deceased person, and that consequently the declarations of said deceased person to either party to the record could not be testified to by them."

This would indicate, at least, that an interested party could not be permitted to testify in favor of the estate as to declarations made to him by the deceased. These remarks were not necessary to a decision in that case. In the case of *Sackman v. Thomas*, 24 Wash. 660, 64 Pac. 819, we held that the testimony of Mrs. Sackman was admissible because she was not a party and had no interest in the case. *O'Toole v. Faulkner*, 34 Wash. 371, 75 Pac. 975, is to the same effect. In *Whitney v. Priest*, 26 Wash. 48, 66 Pac. 108, where the action was brought against the estate, we held that the wife of the plaintiff was not a competent witness because of interest. In that case the witness testified in her own behalf adversely to the estate. In *Bay View Brewing Co. v. Grubb*, 31 Wash. 34, 71 Pac. 553, where the action was brought upon certain notes by the successor in interest of a deceased person, we held that the indorser could not be heard to testify that a waiver of demand and notice was not upon the notes when he indorsed them, where the transaction was between the indorser and a person since deceased. Many other cases might be mentioned. But none of these cases are in point upon the exact question now presented.

The statute above quoted is upon the subject of the competency of witnesses. It declares that no person shall be excluded from giving evidence by reason of interest, and then makes certain exceptions by a provision that "where the ad-

verse party sues or defends as executor . . . then a
party in interest or to the record shall not be admitted to
testify in his own behalf as to any transaction had by him
with or any statements made to him by any such deceased
. . . person." The words *adverse party* in this con-
nection do not refer to parties to the action in the sense of
*either party* or *both parties*. "Adverse" as here used refers
more particularly to the *one party*, or the opposing party,
who may sue or defend in a representative capacity. The use
of the word "adverse" is made plain when we transpose the
language of the statute and state the declaratory part of
the section first, and the condition upon which it was based
last, thus: "A party in interest or to the record shall not
be admitted to testify in his own behalf as to any transaction
had by him with, or any statement made to him by, any de-
ceased or insane person, . . . where the adverse party
sues or defends as executor, . . . of any deceased or
insane person." Stated thus the statute is plain, and the
meaning of the word "adverse" becomes at once apparent.

The statute does not, of course, change the general rule
of law that self-serving declarations made out of the pres-
ence of the other party are inadmissible. The deceased, if
living, could not testify to self-serving declarations made to
third parties, nor could his representatives prove such declara-
tions in a case like this, and the appellant expressly disavows
any such attempt. The object of the statute was to pre-
vent interested parties from testifying to transactions and
statements made by a deceased person when there might be
no one to rebut such testimony. From a careful considera-
tion of the language of this statute and the object of its
enactment, we conclude that it does not disqualify an in-
terested witness on the part of the estate, and that there-
fore the wife of the deceased was a competent witness to
testify as to what took place between her deceased husband
and the respondent in her presence at the time stated.

The judgment is, therefore, reversed and the cause remanded for a new trial.

FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.