[No. 2569. Decided September 7, 1897.]

James Spencer, *Respondent,* v. Nettie Terrel, *by H. D. Andrews, her guardian, Appellant.*

WITNESSES — COMPETENCY — TRANSACTIONS WITH DECEDENT — RESULTING TRUST — EVIDENCE — INCONSISTENT DEFENSES.

Under Code Proc., § 1646, which provides that, in an action where the adverse party defends as deriving right or title by, through or from any deceased person, it shall be incompetent for a party in interest to testify in his own behalf as to any transaction had by him with such deceased person, testimony of the plaintiff tending to establish a resulting trust held by the deceased in his favor is inadmissible.

In order to establish a resulting trust by parol evidence, the proof must be full, clear and convincing.

Plaintiff is not entitled to judgment on the pleadings on the ground that the answer sets up contradictory defenses, when one paragraph thereof alleges that the real estate in controversy was the separate property of defendant's ancestor, while the answer, taken as a whole, plainly intends to plead the community character of the property.

Appeal from Superior Court, Cowlitz County.—Hon. A. L. MILLER, Judge. Reversed.

*Ross & McKenney*, for appellant:

It cannot be contended that respondent would be a competent witness to testify that, as between himself and Laura Spencer, deceased, it was understood and intended that the property should be held in trust for him. How then can he be held competent to testify that he paid the purchase price, thus invoking the aid of the rule of law above mentioned, and thereby accomplishing by indirection that which he could not accomplish directly? This testimony is clearly incompetent. Gen. Stat., § 1646; *Thorne v. Joy*, 15 Wash. 83; *Gilmore v. H. W. Baker Co.*, 14 Wash. 52; *Wolferman v. Bell*, 6 Wash. 84 (36 Am. St. Rep. 126); *Smith v. Taylor*, 2 Wash. 422; *Robinson v. James*, 11 S. E. 920; *Barnard v. Barnard*, 8 N. E. 320; *Redfield v. Redfield*, 18 N. E. 373; *Nunnally v. Becker*, 13 S. W. 79; *In re Eysaman's Will*, 20 N. E. 613; *O'Neil v. Greenwood*, 64 N. W. 511; *Repley v. Seligman*, 50 N. W. 143; *Shain v. Forbes*, 23 Pac. 198; *Jones v. Henshall*, 34 Pac. 254.

The rule is well settled that where the evidence is doubtful and not entirely clear and satisfactory, or is capable of reasonable explanation upon theories other than that of the existence of an implied or resulting trust, such trust will not be held to be sufficiently established to entitle the beneficiary to a decree declaring and enforcing the trust. *Goelz v. Goelz*, 41 N. E. 756; *McGinnis v. Jacobs*, 35 N. E. 214; *Strong v. Messenger*, 36 N. E. 617.

*G. W. Rowan*, and *S. J. White*, for respondent:

Respondent submits that there was no violation of the statute in his testimony. Respondent did not claim to have any conversation or transaction with Laura Spencer in re-

gard to the property, nor did he testify to any. All the respondent claims is that all the transactions he had were with third parties in whose hands he placed the purchase price out of his separate estate for the property in controversy, and this is all he testified to. Surely the statute does not close the mouth of every one because some one dies who is in a remote manner connected with the affair. *Ah How v. Furth*, 13 Wash. 550; *Gebel v. Weiss*, 8 Atl. 889; *Dysart v. Furrow*, 57 N. W. 644; *Roche v. Ware*, 71 Cal. 375 (60 Am. Rep. 539); *Stevens v. Witter*, 55 N. W. 535; *Lerche v. Brasher*, 10 N. E. 58; *Paxton v. Paxton*, 18 S. E. 765; 2 Pomeroy, Equity Jurisprudence, § 1041, note 2.

The opinion of the court was delivered by

DUNBAR, J.—The respondent James Spencer and Laura Spencer, formerly Laura Terrel, were married on August 9, 1885. Of that marriage there was no issue, and Laura Spencer died on the 28th day of July, 1893. The appellant Nettie Terrell is the daughter of Laura Spencer by a former husband, and a minor appearing in this case by H. D. Andrews, her guardian. The complaint of the respondent Spencer alleges in substance that at the time he was married to Laura Spencer she had no separate property; that he had a certain tract of real estate; that some three years after the marriage, viz.: in 1888, he purchased of Mary M. Jackson, Lenna Jackson and Robert Jackson, heirs at law of William M. Jackson, deceased, certain described lands; that at the time of the purchase, one of the Jackson heirs had not arrived at the age of majority, and that he took a bond for a deed; that afterwards, when the legal title could be passed, the deed to said real property was made in the name of Laura Spencer, his wife; that he paid for said property out of the proceeds of the

sale of the property which he owned prior to his marriage with Laura Spencer; that the lands in dispute were deeded to the said Laura Spencer to be held in trust for him by the said Laura Spencer; that all the improvements on the lands in controversy were paid for by the separate property of the plaintiff and by the rents, issues and profits of said lands; that on the 28th day of·July, 1893, said Laura Spencer died without executing the said trust or conveying the legal title to said real estate to plaintiff. The complaint also alleges that immediately after the death of the said Laura Spencer, in accordance with legal advice which he received, the plaintiff believed that the property in dispute was community property, and that, relying upon said advice, he filed a petition on the 6th day of December, 1893, in the superior court, setting forth that the property was community property and asking to be appointed administrator of the same; that he was so appointed, and entered upon the duties of his office; that he afterwards discovered that he was mistaken in relation to the legal standing of the land and had since determined that the land was his separate property; that defendant Nettie Terrel and plaintiff are the only heirs at law of said Laura Spencer, deceased; that the defendant Nettie Terrel is now claiming an undivided half interest in and to the said real property so held in trust for the plaintiff by the said Laura Spencer, and of said personal property; and prays that the real property mentioned, the title to which was taken in the name of Laura Spencer, be declared a trust; that he be declared the beneficiary therein, and that the personal property be declared to be the separate property of the plaintiff; that defendant Nettie Terrel be declared to have no right, title or interest in or to said real or personal property, and that a commissioner be appointed to convey said real and personal property to him, according

to law and the practice of the court. An answer was filed by Nettie Terrel, admitting and denying the allegations in the complaint, but alleging in substance that the property in dispute was community property of the respondent and Laura Spencer. Upon the trial of the cause the court found that the property had been paid for out of the separate estate of the plaintiff; that the deed was made in trust for the benefit of the plaintiff; that he had been mislead as to his legal rights in petitioning for the administration on community property; and as conclusions the court found that the whole of the property mentioned and described in said complaint and in the findings of fact herein was and is the separate property of the plaintiff herein, and that the said Laura Spencer held the same in trust for the plaintiff James Spencer; that the defendant herein, Nettie Terrel, has no right, title or interest in or to said property, or any part or parcel thereof; that the whole of said real and personal property is the property of the said defendant James Spencer, and constitutes no part of the estate of Laura Spencer, or of said community; and that plaintiff is entitled to a decree in conformity with these conclusions. Judgment was entered accordingly, and from such judgment the defendant appeals to this court.

It is contended by the appellant that the testimony of the plaintiff was incompetent, under the statutes (Code Proc., § 1646), which provides that—

" in an action or proceeding where the adverse party sues or defends as executor, administrator, or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, or as the guardian or conservator of the estate of any insane person, or of any minor under the age of fourteen years, then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with or any statement made to him by any such deceased or in-

sane person, or by any such minor under the age of four-teen years."

The testimony of the plaintiff was to the effect that he paid for this land with his separate means; that the deed was made to his wife; that his wife had no separate prop-erty at all excepting forty dollars, and that they did not accumulate any community property during coverture. It is contended by the respondent that this was not testi-fying with relation to any transactions with the deceased, but we are inclined to think that in substance it was. The complaint alleges that the deed to the property was made to Laura Spencer in trust for the plaintiff, and if there is any force or efficacy to plaintiff's testimony at all, it must be for the purpose of establishing the fact alleged in the complaint that the true transaction was the receiving of the deed by the deceased Laura in trust for the plaintiff. If it would be incompetent, as it surely would under the statute, for the plaintiff to testify that the deed was not what it purported on its face to be, but that it was in reality a deed in trust for his benefit, then it would be incompe-tent to allow him by indirection to prove that which the law would not allow him directly to testify to, viz.: the real transaction between the parties; because, if this deed was given to Laura in trust for James, it must have been given in a transaction to which she was a party. Nettie Terrel's defense, if she has any defense, is derived through the interest of Laura Spencer, the deceased, in this prop-erty, and hence, we think that the plaintiff was not a com-petent witness in his own behalf to prove any fact tending to establish this trust, which would deprive the defendant Nettie Terrel of her interest in the estate. The rule is an-nounced as follows in the 29 Am. & Eng. Enc. Law, p. 734:

"In an action against the heir of a deceased person to

establish and enforce an alleged resulting trust in favor of the plaintiff, he is not a competent witness in his own behalf to prove transactions with the defendant's ancestor which tend to establish the trust;" citing many cases to sustain the text.

It is contended by the respondent that the cases cited and relied upon by the appellant are from states where the community property law is not in force; that in those cases the grantee in the deed was presumed to be the legal, individual owner of the property conveyed; while the presumption of law, in the absence of evidence in the case at bar, is that the property was the property of the community and not that of Laura Spencer in whose name it stands of record. We hardly see how the respondent can obtain any comfort from this reasoning, for it is the claim of the appellant here that this property is community property and not that it is the separate property of Laura Spencer, and the presumption of law as stated by the respondent would be logically in favor of appellant's contention.

One of the cases cited by appellant, viz.: that of *Johnston v. Johnston*, 138 Ill. 385 (27 N. E. 930), it is claimed by the respondent, is not in point, for the reason that an actual transaction was testified to by the party in interest in that case. There it was held that where the husband buys property and has it conveyed to his wife under a verbal agreement that she shall deed it to him, but she dies without doing so, and he brings suit against the infant daughter, the wife's sole heir, to have the title decreed in himself, he is incompetent as a witness to the transaction between himself and wife under the statute declaring that in actions by or against the representatives of a decedent, the survivor shall not give evidence of the transactions by the decedent. After holding a trust void for other reasons, the court in that case said:

" But the complainant was clearly an incompetent witness. The opposite party defended as heir of her deceased mother, and he testified in his own behalf and at his own instance."

The testimony, as reported in that case, goes beyond a particular transaction and is as broad as the testimony of the plaintiff in this case.

In *Wolf v. Wolf*, 158 Pa. St. 621 (28 Atl. 164), it was held that where defendants claimed that their father, from whom they derived title, was a tenant in common with plaintiff, who was his brother, and that parol partition was made between them, plaintiff was not a competent witness, under the statute which is substantially the statute under discussion here.

In *Johnson v. Quarles*, 46 Mo. 423, it was held that in a suit against the heirs of a deceased person for certain lands, on the claim that said estate had been purchased by deceased with the money of plaintiff and without his consent, the testimony of claimant as to money advanced deceased, and other facts touching the purchase, would be incompetent under the statute pertaining to witnesses.

In *Burleigh v. White*, 64 Me. 23, it was held that the plaintiff in a bill in equity who prosecutes against the administrator and heirs of a deceased person, is precluded from testifying except in respect to such facts as are testified to by the administrator or heirs or in reference to such books or other memoranda of the deceased as they put in, and the court in its expressed opinion very well answers the objections raised by argument of the respondent, that injustice would frequently be done by their allowing the character of testimony admitted in this case. The court says:

" The doubt expressed by Chancellor KENT in *Boyd v. McLean*, 1 Johns. Ch. 582, whether parol evidence ever

ought to have been admitted to establish a resulting trust, in view of the danger and uncertainty of this mode of proof and its tendency to induce perjury and consequent insecurity of paper and record titles, weighs heavily against the admission of the testimony of a party to the suit seeking to establish such trust when the testimony of the party originally adversely concerned, cannot be had because of his death, and his representatives and heirs are thus without the means of meeting a claim, which may be purely fictitious, by any direct evidence. We regard the limitations imposed by our legislature upon the right of parties to testify in suits where the heirs and representatives of deceased persons are parties, as eminently wise and just. It is better that a negligent man should occasionally suffer a loss which he has in part at least deserved by his carelessness, than to subject the property of all to the machinations of the numerous horde of unscrupulous adventurers in litigation at such an evident disadvantage. Nor are we inclined to relax in any degree the rule adverted to in most of the cases that in order to establish a resulting trust by parol evidence, the proof must be full, clear and convincing. Obviously a claim so inconsistent with the tenor and ordinary effect of deeds conveying real estate ought not to be allowed except upon proof sufficient to satisfy a reasonable mind of its validity."

While there are some cases holding that circumstances tending to establish the resulting trust may be testified to by the parties in interest, we are satisfied that the great weight of authority is the other way; and all the cases insist, as did the court in the case just above cited, that the evidence must be clear, explicit and convincing. Even if the testimony of the witness in this case were admissible, there is not sufficient proof in this regard to establish the fact that the deed was given in trust for the plaintiff. He was careful not to testify to anything except the fact that the land in question was paid for with his own money. So far as the testimony of the plaintiff was concerned, it might have been a gift to the wife, or for the benefit of some one

else. There certainly is no resulting trust established, even conceding the validity of his testimony, which we do not. And the testimony outside of that of the plaintiff certainly is not sufficient to establish a trust in the plaintiff. There were only two witnesses beside the plaintiff, one a sister of the plaintiff and the other Mrs. Jackson, the party who made the deed to the property in question to Mrs. Spencer. Mrs. Jackson, after testifying where she lived and that she was acquainted with Mr. Spencer, and after answering " yes " to the question as to whether she had sold Mr. Spencer any property, testified as follows:

" Question. You may go ahead and state if you had any conversation, or if there was any requests, whether or not there was any requests made to you by Mrs. Spencer before these deeds were made out.

" (Objected to and overruled.)

"Answer. Yes.

" Q. Your answer was she did?

"A. Yes, sir.

" Q. Did she give any reason?

"A. I understood that it was to keep his first wife from getting anything out of the property."

There was no cross-examination, and this was all the testimony of Mrs. Jackson. There is nothing here to indicate that this property was to be held by her for the benefit of the plaintiff, or that the property spoken of was the property in dispute. In fact the testimony is scarcely worthy of consideration and really establishes no fact at issue in the case. The testimony of Mrs. Warner, the only other witness, was as follows:

" Question. Mrs. Warner, what relation do you bear to the plaintiff in this case?

"Answer. Plaintiff is my brother.

" Q. Was you acquainted with Mrs. Spencer during her life time?

"A. Yes, sir.

" Q. You may state, Mrs. Warner, whether you had any conversation with Mrs. Spencer during her life time, and how long it was before her death, in regard to taking any deeds which she received of property in Castle Rock.

"A. Yes, sir; in May she was down to my house on a visit, in May before she died in July. We were talking about property and she said, ' Our property is all in my name, and some day I intend to have it fixed up different.'

" Q. How long before her death was this?

"A. That was in May; she died in July."

It would seem that such testimony as this was scarcely worthy of comment. It cannot be possible that under any authority the sanctity which attaches to a solemn instrument like a deed could be swept aside and destroyed by indefinite testimony of this kind. Nor would it be in accordance with justice, even admitting the testimony of the plaintiff, that he had paid for this property out of his separate estate, to allow such testimony, coupled with indefinite expressions used by the last two witnesses, to overcome the solemn declarations of a deed, and to overcome the other suspicious circumstances in this case that the husband, years after the execution of this deed to his wife and after her death, had solemnly announced in a formal petition to the superior court that the property scheduled, which embraced the property in litigation here, was community property, and had asked to be appointed, and was appointed, administrator of said community property.

But it is contended by the respondent that he was entitled to a judgment on the pleadings, under the rule announced by this court in *Seattle National Bank v. Carter*, 13 Wash. 281 (43 Pac. 331), and that the judgment of the court was probably based upon the pleadings rather than upon the testimony. An examination of the answer convinces us that it does not fall within the rule announced in the case above cited. While there is some considerable

repetition in the answer, and in one allegation it is asserted that the property was community property and in another that it was the separate property of Laura Spencer, it is not hard to determine that the intention of the defendant was to plead the community character of the property throughout the answer. Paragraph 7 contains the apparently contradictory statement that the property was separate property. Paragraph 8 concludes that Nettie Terrel, by virtue of herself and plaintiff being the only heirs at law of said decedent, is and at all times since the death of said Laura Spencer was the owner of an undivided one-half interest in all of said real property and said personal property subject to administration and payment of the debts of the deceased; showing conclusively that the intention of the defendant was to claim only a community interest in the property. This idea is again expressed in paragraph 9.

The judgment will be reversed and the cause remanded with instructions to the lower court to enter a decree declaring the property to be the community property of Laura Spencer and James Spencer, and awarding costs to the defendant.

SCOTT, C. J., and REAVIS, J., concur. ·

ANDERS, J., concurs in the result.