[No. 8533.  Department Two.  September 10, 1910.]

GEORGE OLSON, *Appellant*, v. ALMA G. SPRINGER *et al.*,
*Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—CONVEYANCES—MORTGAGES.  In the absence of fraud or deceit, a mortgage upon community property executed by the wife alone is void.

SAME—MORTGAGES—ESTOPPEL.  A husband, to whom a loan of $700 was made, secured by a note and mortgage upon community property executed by the wife alone, is not estopped to question the validity of the mortgage lien by the fact that he consented to the execution and delivered the mortgage, and that the community would be liable for money had and received.

ESTOPPEL—PLEADING.  An estoppel must be pleaded.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered September 8, 1909, dismissing an action to foreclose a mortgage, after a trial on the merits before the court without a jury.  Affirmed.

*George Olson* (*Edward Judd*, of counsel), *pro se*, contended that the mortgage was not void, but only voidable, and that the husband was estopped to question its validity.  *Holyoke v. Jackson*, 3 Wash. Ter. 235, 3 Pac. 841; *Hoover v. Chambers*, 3 Wash. Ter. 26, 13 Pac. 547; *Isaacs v. Holland*, 4 Wash. 54, 29 Pac. 976; *Sadler v. Niesz*, 5 Wash. 194, 31 Pac. 630, 1030; *Konnerup v. Frandsen*, 8 Wash. 551, 36 Pac. 493; *Boston Clothing Co. v. Solberg*, 28 Wash. 262, 68 Pac. 715; *Washington State Bank of Ellensburg v. Dickson*, 35 Wash. 641, 77 Pac. 1067.

*J. C. Cross* (*A. Emerson Cross*, of counsel), for respondents.

[1]Reported in 110 Pac. 807.

CROW, J.—This is an action to foreclose a mortgage on real estate. The plaintiff, George Olson, alleged that on September 11, 1908, the defendant Alma G. Springer executed and delivered to one J. B. Thagard her note for $700; that, to secure its payment, she also executed and delivered to Thagard her mortgage deed on forty acres of land in Kitsap county; that the mortgage and note were afterwards assigned to plaintiff; that Alma G. Springer is the wife of defendant N. A. Springer; and that the note has matured at plaintiff's election, by reason of nonpayment of interest. The defendants, Alma G. Springer and N. A. Springer, by separate answers, admitted the execution of the note and mortgage by the wife, but affirmatively alleged that the land in the mortgage described is the community property of the defendants; that Alma G. Springer had no authority, by power of attorney or otherwise, from N. A. Springer to execute the alleged mortgage; that the mortgage is void, and that it creates no valid lien upon the land. This affirmative defense was not denied by reply. The trial court held the mortgage void and dismissed the action. The plaintiff has appealed.

The appellant contends that the mortgage is voidable only; that N. A. Springer, the husband, is estopped by his own acts from questioning its validity; and that, being given for unpaid purchase money, it takes precedence over any community interest in the land acquired by respondents. The evidence shows that the respondent N. A. Springer was engaged in the business of boat building, by which he earned a livelihood for himself and family; that he built a certain launch which he sold to appellant, who agreed, as a consideration therefor, to deed him the forty acres of land and assume certain obligations against the launch; that after the conclusion of this deal and before the final delivery of the deed, N. A. Springer needed money, a loan of which the appellant procured for him from Thagard, who is appellant's brother-in-law; that the total amount loaned was $700; that at Springer's request the land was conveyed to his wife, Alma G.

Springer; that at the time of the execution and delivery of the deed, the appellant himself prepared the note and mortgage running to Thagard, to be executed by Mrs. Springer; that he delivered them to Mr. Springer who carried them to his wife, and returned them to appellant after they had been executed by her alone.

There is no contention that any fraud or deceit was perpetrated by Springer or his wife; that appellant was ignorant of the fact that Springer was a married man, or that appellant did not know the land was community property. It is apparent from the evidence that the launch was the sole consideration for the purchase of the land, and that the mortgage, although executed when the deed was delivered, was a separate transaction. There can be no question but that the land became, and was, the community property of respondents. Community real estate cannot be conveyed or encumbered, unless the husband and wife join in executing the deed or other instrument by which it is to be conveyed or encumbered. All conveyances of real estate or of any interest therein, and all contracts creating or evidencing any encumbrance thereon, must be by deed, and a deed must be in writing, signed and acknowledged. Rem. & Bal. Code, §§ 5918, 8745, and 8746.

In *Humphries v. Sorenson,* 33 Wash. 563, 74 Pac. 690, appellant sought affirmative relief based upon the foreclosure of a mortgage on community property which had been executed by the wife alone, and this court said:

"The appellants pray in their amended answer, on which they take the burden of proof, under their affirmative defense, that the title in fee simple in this land be quieted in appellant Rasmus Sorenson. They allege that, at the times when the mortgage to Grinstead and the deed to Lee were executed by Catherine Loree, she was the owner in fee of this real estate; and appellants attempt to establish title in themselves by virtue of the proceedings alleged in such answer as to the foreclosure of that mortgage, and sale and sheriff's deed thereunder to appellant Rasmus Sorenson. We are of the opinion,

that the record fails to sustain the issues tendered by appellants under such defense; that, under the testimony adduced at the hearing in the superior court, this real estate was, at the times above noted, the community property of Moses and Catherine Loree, and not the separate property of the wife (Catherine Loree); that the trial court committed no error in so finding, and in adjudging such instruments and proceedings invalid; and therefore we cannot grant appellants the affirmative relief for which they pray."

The appellant does not contend that the mortgage was executed in the manner required by law, but does contend that the respondent N. A. Springer should be, and that he is, estopped from questioning its validity, because he personally carried it to his wife for execution and afterwards delivered it to appellant for Thagard, thereby consenting to its execution by the wife alone, for and on behalf of the community. It is elementary that facts relied upon as an estoppel must be pleaded. The appellant has not pleaded estoppel, nor does the evidence show facts sufficient to sustain any claim of estoppel. Neither Springer nor his wife made any false statement as to the title to the property, nor did they make any misrepresentations upon which appellant relied. He prepared the note and mortgage without suggestion from them, doing so with knowledge of all the facts, and delivered them to Springer for execution by the wife alone. Appellant is presumed to have known the law, and to have also known that a mortgage on community property executed by one spouse only would create no lien. He may have a valid claim against the respondents for money loaned to the community, but he certainly holds no lien upon the real estate under the mortgage pleaded.

There is no merit in appellant's further contention that the note and mortgage were given to secure unpaid purchase money. The launch paid for the land, and the money for which the note was given was borrowed from Thagard, a third party. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and PARKER, JJ., concur.