[No. 15208. Department One. April 4, 1919.]

CATHERINE C. BRUCKER, *as Administratrix etc., Respondent,* v. LEO DE HART, *Appellant.*[1]

TRUSTS (17-1)—RESULTING TRUSTS—PRESUMPTIONS AND BURDEN OF PROOF. To establish a resulting trust in favor of one who furnished the consideration for its purchase, the evidence must be clear, cogent and convincing, and the rule applies against one who was sued to cancel and set aside the deed to him from the trustee, where presumably the trustee held the title as community property, and such presumption could only be overcome by establishing the trust.

WITNESSES (44)—TRANSACTIONS WITH PARTY SINCE DECEASED—SUBJECT-MATTER OF TESTIMONY. Under Rem. Code, § 1211, prohibiting a party in interest from testifying in his own behalf as to any transaction had with the deceased, one who was sued by an administrator to cancel a deed executed by the decedent, and who claimed that decedent held the land in trust for him, is not competent to testify to any facts showing that the deceased held the title under a resulting trust.

SAME (35)—TRANSACTIONS WITH PARTY SINCE DECEASED—PERSONS EXCLUDED—WITNESSES FOR ESTATE. Rem. Code, § 1211, prohibiting a party in interest from testifying in his own behalf as to any transaction had by him with the deceased person whose estate is involved in the proceeding does not disqualify a witness interested in the estate from testifying on behalf of the estate.

[1]Reported in 180 Pac. 397.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 1, 1918, upon findings in favor of the plaintiff, in an action to set aside a deed and recover possession of real property, tried to the court. Affirmed.

*Geo. H. Funk* and *Thos. M. Vance,* for appellant.

*Geo. F. Yantis* and *Troy & Sturdevant,* for respondent.

MAIN, J.—The plaintiff, as administratrix of the estate of Margaret Farrell, deceased, brought this action for the purpose of having a deed which the deceased, during her lifetime, executed and delivered to the defendant, set aside and for recovery of possession of real estate covered by the deed. The basis of the complaint is that the property covered by the deed was community property, and that, when the deed was executed and delivered, Margaret Farrell was mentally incompetent and was subject to undue influence. The defendant answered the complaint, denying each of the three charges stated therein, and plead affirmatively that Margaret Farrell had held the title to the property, prior to the time of the conveyance, in trust for him. The affirmative plea in the answer was denied by reply. Upon the issues thus framed, the cause came on for trial before the court without a jury, and resulted in a judgment as prayed for in the complaint. From this judgment, the defendant appeals.

The property in controversy consists of two farms or ranches near South Bay, in Thurston county. One is referred to as the old place and the other as the new place.

Margaret Farrell and Charles Farrell were married in 1876. In 1881 they acquired the property re-

ferred to as the "old place," and title was taken in the name of Mrs. Farrell. Subsequently this property was mortgaged and the title passed from the Farrells by foreclosure in 1900, and was acquired by one H. Waldo Foster. On April 30th, 1901, Mrs. Inez Willey purchased the property from Mr. Foster for the purpose of enabling the Farrells to redeem or repurchase the same. Carrying out this intention, Mrs. Willey, on August 5th, entered into a contract by which she agreed to sell the land to Katie C. Farrell (now Mrs. Brucker) one of the daughters of Mr. and Mrs. Farrell. By this agreement, the Farrells were placed in possession of the property. On December 12th, 1903, this contract was assigned by Mrs. Brucker to Mrs. Farrell. On May 5th, 1906, Mrs. Willey conveyed the property to Mrs. Farrell by a deed for a consideration of $2,200.

The title to that part of the property referred to as the "new place," was acquired during the year 1900, and title thereto was taken in the name of Agnes E. Farrell, one of the two daughters of Mr. and Mrs. Farrell. On December 19th, 1908, Agnes E. Farrell deeded the property to Margaret Farrell, her mother. There was also a deed from Daniel S. Lilly to Margaret Farrell, dated April 28th, 1904, for a consideration of $400, conveying property which was also included in the new place.

On November 26th, 1917, Margaret Farrell conveyed all the land included in the "old place" and in the "new place" which then stood in her name to Leo DeHart, the appellant, for a named consideration of $1. At this time Mrs. Farrell was suffering from the fatal disease from which, on December 30th following, she died. After her death, Catherine C. Brucker was appointed administratrix of her estate.

The appellant claims that he furnished the purchase price for both the old place and the new place when they were respectively acquired, and that Mrs. Farrell held the title in trust for him. The appellant had made his home with the Farrells for many years, having first come there when a young man. Much of the time he engaged in logging operations on his own account in the vicinity.

The principal question to be determined is whether the title to the property, including both the old place and the new place, which were covered by the deed from Mrs. Farrell to the appellant, was held by her in trust for him. The trust, if one existed, was a resulting trust. Whether there was such a trust, depends upon whether the appellant purchased the property and paid the consideration therefor from his own funds. To establish a trust of this character, the burden is upon the one who asserts the trust and the evidence must be clear, cogent and convincing. *Herriford v. Herriford,* 78 Wash. 429, 139 Pac. 212.

The appellant recognizes this rule as a general proposition, but claims that it should not be applied in this case because here the action was not instituted by him to establish a trust, but was instituted by the administratrix for the purpose of canceling and setting aside the deed by which the property had been conveyed to him.

The property, at the time of the conveyance, was presumed to be community property. The burden was on the appellant to overcome this presumption, and this could only be accomplished by establishing the trust. The rule as to the character of evidence necessary to establish a resulting trust applies with the same force here as though the action had been first instituted by one asserting the trust.

The trial court filed in the cause a carefully prepared opinion in which there is a comprehensive and painstaking review of the evidence. The view is there expressed that the evidence failed to establish the trust. With this view, after a careful consideration of all the evidence as it appears in the record, we are in entire accord. It would serve no useful purpose here to review the evidence in detail. In our opinion there is a failure, not only to establish the trust by evidence which is clear, cogent and convincing, but the weight of the evidence sustains the position that the property in controversy was not acquired by funds of the appellant, supplied from his own resources.

The appellant makes a point of the fact that he was not permitted to testify to facts which showed, or tended to show, that the consideration for the purchase of the two properties was made by him from his own resources; but there was no error in this regard. The statute (Rem. Code, § 1211), provides that, where an administrator or administratrix sues as such, then a party in interest or to the record shall not be permitted to testify in his own behalf as to any transaction had by him with the deceased person, whose estate is involved in the proceeding. In *Spencer v. Terrel*, 17 Wash. 514, 50 Pac. 468, in construing this statute, it was held that a party in interest or to the record was not a competent witness in his own behalf to prove any fact tending to establish a resulting trust, because such evidence would involve transactions with a deceased person. The rule of that case is controlling here. The evidence offered and refused was for the purpose of proving facts which would support a resulting trust—in other words—that Mrs. Farrell held the title to the property in trust for the

appellant and not in her own right for the benefit of the community composed of herself and husband.

It is also suggested by the appellant that the trial court erred in permitting Mr. Farrell and the two daughters to testify to facts which showed or tended to show that the consideration for the two properties was not furnished by the appellant, because, it is claimed, they were parties in interest. This contention, however, overlooks the fact that the testimony of these witnesses was in support of the action brought by the administratrix and was not adverse to the estate. In *In re Cunningham's Estate*, 94 Wash. 191, 161 Pac. 1193, it was held that the statute above referred to did not disqualify an interested witness from testifying on the part of the estate, but excluded only those witnesses whose testimony is adverse to the estate of a deceased person.

The other objections were to the admission or refusal of testimony and are of minor importance. It may be said that we find no error in that regard.

It is unnecessary here to determine whether the evidence sustains the charge of mental incompetency and undue influence, because, if Mrs. Farrell did not hold the property in trust, as we have found, she could not convey it to the appellant.

The judgment will be affirmed.

CHADWICK, C. J., MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.