[No. 26831. Department Two. August 10, 1938.]

RUBYE NIX ZIONCHECK, *as Administratrix, Appellant,* v. ANN NADEAU *et al., Respondents.*[1]

*Ballinger, Clark, Mathewson & Force,* for appellant.

*Stevenson & Gershon* and *Merrick, Fitch & Hammer,* for respondents.

MILLARD, J.—This action was instituted to establish a resulting trust in certain Seattle real property, title

[1]Reported in 81 P. (2d) 811.

to which was taken in the name of the sister of the deceased, in favor of the estate of Marion A. Zioncheck, deceased, on the theory that the property was purchased with money belonging to the deceased.

The theory of the sister's defense was that her brother Marion, desirous of purchasing the property for his mother, supplied his mother with sufficient money for that purpose, and that the title to the property purchased by the mother with the funds given to her by her son was taken in the name of the daughter as trustee for her mother.

The trial court found that the property was purchased by the mother, now deceased, of the late Marion A. Zioncheck with her own money, represented by two checks aggregating the amount of the property's purchase price, which was a gift from Marion to his mother to enable her to buy that property for her own use and benefit. Plaintiff appealed from the decree, which dismissed the action and adjudged the property belonged to and was held by Ann Nadeau in trust for the estate of her deceased mother.

On October 26, 1935, while in Seattle, the late Congressman Zioncheck issued a check on a local bank in the amount of four hundred dollars, payable to cash, which check was transmitted by his sister (Ann Nadeau) to the owner as a down payment on the purchase price of the property involved in this action. Her letter of transmittal reads as follows:

"I enclose herewith a certified check for $400. This check is ten percent of $4,000 which I hereby offer for the purchase of Lots 5 and 6, Block 16, Renton's Addition to the City of Seattle, belonging to the Estate of P. J. Glennon.

"It is my understanding that if this offer is accepted that I will be given full possession of the property and that the necessary legal papers will be drawn by you, for I am to buy this as a trustee."

On December 26, 1935, Zioncheck's check in the amount of thirty-six hundred dollars, drawn on the Sergeant of Arms of the United States House of Representatives, payable to "cash," was sent from Washington, D. C., by Mr. Zioncheck to his mother in Seattle, who, in the presence of her daughter (Ann Nadeau) gave the check to the attorney representing the owner of the property and title to the property was taken in the name of the daughter, Ann Nadeau. The fire insurance premium on the property was paid by the mother. She collected the rentals from the property and exercised all the rights of ownership. Her son Marion never inspected the property or collected rentals thereon. In fact, he never did anything suggestive or indicative of ownership of or financial interest in the property. The transaction of the mother and son respecting the property was concluded prior to the marriage of the son to the appellant.

Was the title to the property covered by the deed to Ann Nadeau held by her, as contended by appellant, in trust for her brother?

While a resulting trust in land may be proved by parol evidence, the burden of proof is upon him who asserts it. *Dines v. Hyland*, 180 Wash. 455, 40 P. (2d) 140. Appellant did not sustain the burden of proof that Marion A. Zioncheck purchased the property and paid the consideration therefor from his own funds, which was essential to the establishing of a resulting trust in favor of the estate of the deceased.

The only evidence adduced on behalf of appellant was that two checks drawn by the son, payable to cash, came into the possession of the mother and were used by her to purchase the property in controversy. The record discloses no more than that Marion wished to obtain for his mother certain income-producing

property desired by her, and that, to achieve that purpose, he presented to his mother two checks aggregating the amount of the purchase price of the property, which money became the property of the mother as soon as it was received by her. There is no evidence of any special understanding that the money sent by him to his mother was to remain his money or that he was to have any interest in the property which she purchased with the funds given by him to her.

· There is some evidence, as stated above, that the son sent the money for the purpose of buying the real property for his mother, but there is no showing that the son intended that the title be taken in his name or that the title be taken in the name of his sister or any one else as a trustee to protect any interest of his in the property. The money was a gift from Marion to his mother. With that money, which belonged to her, the mother purchased the real property, title to which was taken in the name of the daughter.

█ It was not necessary to the decision, nor was it correct, for the trial court to hold that the property was held by Ann Nadeau in trust for the estate of her deceased mother. Oral proof that, at the time of the conveyance, the grantee (Ann Nadeau) agreed to hold the title in trust for the grantor (the mother) or any one else is a flat contradiction of the written instrument, an absolute deed, which shows on its face a passage of the title to the grantee; hence is inadmissible. We have long and consistently held that an express trust in real estate cannot be established by parol evidence. All that the court should have decided was that the burden of proof to establish a resulting trust in favor of the estate of Marion A. Zioncheck, ·deceased, was not sustained by the appellant.

"To establish a trust of this character, the burden

is upon the one who asserts the trust . . ." *Brucker v. DeHart,* 106 Wash. 386, 180 Pac. 397.

The judgment is affirmed.

STEINERT, C. J., BLAKE, BEALS, and ROBINSON, JJ., concur.