[No. 28438.   Department Two.   September 8, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Jeannette Wirt et al., Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Charles W. Greenough, Judge, et al., Respondents.*[1]

[1]Reported in 116 P. (2d) 752.

*Glenn E. Cunningham,* for relators.

*John Huneke* and *Brown & Huneke,* for respondents.

MILLARD, J.—Hypotheek Land Company and John Helm and wife, owners of land adjoining Harry A. Morrison's tract, filed a petition in the superior court for Spokane county to condemn a private way of necessity across the north end of a tract of land, which will be designated tract A, of which defendants Harry A. Morrison and John Hancock Mutual Life Insurance Company were the only owners, encumbrancers, or persons interested in the land "so far as the same can be ascertained from the public records." The trial court entered an order of necessity, which is not challenged in these proceedings.

Jeannette Wirt, in whose name is recorded title to

a tract of land (which will be called tract B) adjoining tract A, and Irene Morrison, in whose name is recorded title to another tract of land (which will be entitled C) adjoining tract A, filed an amended complaint in intervention, alleging that the three tracts had been owned by the interveners and Harry A. Morrison in undivided one-third interests as tenants in common since the year 1934, under an oral agreement that legal title was to be held by each of the parties for the benefit of all; that, pursuant to that oral agreement, Harry A. Morrison has had charge of the farming operations of the entire tract (in which operations he has had the assistance of the interveners), the net profits from which have been expended in making improvements upon the entire tract, consisting of tracts A, B, and C; that, January 18, 1941, the interveners and defendant Harry A. Morrison acknowledged in writing that, for more than three years last past, each has been in her or his own separate right owner of an undivided one-third interest in the entire tract consisting of tracts A, B, and C; and that, as to the three tracts, "legal title to which stands in his or her name, he or she holds that land in trust for the three persons hereinbefore named in equal shares." On the foregoing is predicated the interveners' prayer for recovery of damages to the three parcels of land as one tract, which it is alleged will be sustained as the result of a private way of necessity across the north end of one of the three parcels.

Plaintiffs' demurrer to the amended complaint in intervention on the ground that it did not state facts sufficient to constitute a cause of action, was sustained. On refusal of interveners to plead further the court entered an order dismissing their complaint. To re-

view that order, the cause is before us by reason of a writ of certiorari having been issued.

Counsel for relators is not unmindful of the provisions of the eminent domain statute (Rem. Rev. Stat., § 921 [P. C. § 7646] *et seq.*), and the statutory (Rem. Rev. Stat., §§10550, 10551 [P. C. §§ 1908-21, 1908-22]) requirement that all conveyances of real estate or of any interest therein shall be in writing. Counsel is also familiar with the rule oft reiterated by this court that the statute of frauds is an absolute provision that parol evidence is inadmissible to establish an express trust in land, and that an express trust cannot be engrafted by parol on a deed or other conveyance, which is absolute in form, but must be evidenced in writing.

The eminent domain statute (Rem. Rev. Stat., § 921 [P. C. § 7646]) provides that a plaintiff who seeks condemnation of land for a private way of necessity shall set forth in his petition therefor

" . . . the name of each and every owner, encumbrancer, or other person or party interested in the same, or any part thereof, so far as the same can be ascertained from the public records, . . . and praying that a jury be impaneled to ascertain and determine the compensation to be made in money . . . to such owner or owners, respectively, and to all tenants, encumbrancers, and others interested, for the taking or injuriously affecting such lands. . . . "

The statute (Rem. Rev. Stat., § 922 [P. C. § 7647]) further provides that a notice, stating briefly the objects of the petition, and containing a description of the land sought to be appropriated, and stating the time and place when and where the petition will be presented to the court, shall be served on each and every person named in the petition "as owner, encumbrancer, tenant, or otherwise interested therein."

"At the time and place appointed for hearing said petition . . . if the court . . . shall have satisfactory proof that all parties interested in the land . . . described in said petition, have been duly served with said notice as above described, and shall be further satisfied by competent proof that the contemplated use for which the land . . . sought to be appropriated . . . is for a private use for a private way of necessity, . . . and necessary for the purposes of such enterprise, the court . . . may make an order . . . directing that a jury be summoned . . . to ascertain the compensation which shall be made for the land, . . . unless a jury be waived as in other civil cases . . . " Rem. Rev. Stat., § 925 [P. C. § 7650].

■ The pertinent provisions of the statute that every conveyance of real estate, or any interest therein, shall be in writing, read as follows:

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed. . . . " Rem. Rev. Stat., § 10550.

"Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by this act to take acknowledgments of deeds." Rem. Rev. Stat., § 10551.

Every conveyance of real property, or any interest therein, when acknowledged and certified as prescribed by the statute, may be placed of record in the office of the recording officer of the county where the property is situated. Rem. Rev. Stat., § 10596-2 [P. C. § 1914-2].

■ In *Pacheco v. Mello*, 139 Wash. 566, 247 Pac. 927, we said:

"It has become the settled law of this state, in harmony with the generally accepted rule in this country, that an express trust in real property cannot rest in parol, but must be evidenced in writing. Among our decisions holding to this view of the law we note par-

ticularly the following, because they have to do with claimed express trusts in favor of grantors as against their direct grantees, which is this case: *Spaulding v. Collins,* 51 Wash. 488, 99 Pac. 306; *Kinney v. McCall,* 57 Wash. 545, 107 Pac. 385; *Kalinowski v. McNeny,* 68 Wash. 681, 123 Pac. 1074; *Arnold v. Hall,* 72 Wash. 50, 129 Pac. 914, 44 L. R. A. (N. S.) 349. In this last cited case, Judge Gose, speaking for the court, said:

" 'Our statute, Rem. & Bal. Code, § 8745, provides: "All conveyances of real estate or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate shall be by deed." The cases cited settle the law in this state in this, that a resulting trust can, and that an express trust cannot, be proven by parol testimony, the latter being within the prohibition of the statute quoted.' "

See, also, *Olson v. Springer,* 60 Wash. 77, 110 Pac. 807; *Herrick v. Miller,* 69 Wash. 456, 125 Pac. 974; *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482; *Peterson v. Nichols,* 110 Wash. 288, 188 Pac. 498; *Rogers v. Joughin,* 152 Wash. 448, 277 Pac. 988; *Zioncheck v. Nadeau,* 196 Wash. 33, 81 P. (2d) 811; *Carkonen v. Alberts,* 196 Wash. 575, 83 P. (2d) 899; and *In re Swartwood's and Welsher's Estates,* 198 Wash. 557, 89 P. (2d) 203.

Relators contend that, by the oral agreement between themselves and Harry A. Morrison, record owners, respectively, of tracts B, C, and A, an express trust in real estate was created, under the terms of which trust each of the three parties to the agreement became the owner of an undivided one-third interest in the entire tract to which they hold legal title for each other; that, first, as the condemnors are strangers to the contract under which legal title in each instance is held, and, second, as there has been part performance of the trust agreement in the rendition of service by the parties and by the expenditure of common funds in the improvement of the entire tract, con-

demnors may not invoke the rule that parol evidence is inadmissible to establish an express trust in land.

■    The statute (Rem. Rev. Stat., §§ 10550, 10551) provides the only method by which title to real estate may be conveyed by voluntary act of the parties. The purpose of the system of public records provided by the state is to give to the citizen the opportunity and the privilege to publish to the world his interest in property held under the protection of its laws.

Under the statute (Rem. Rev. Stat., § 921 *et seq.*) prescribing the procedure for the exercise of the power of eminent domain, one is only required to make an examination of the record of titles before commencement of condemnation proceedings.   One who has an interest in land, which is the subject of an eminent domain action, is required to make use of that record or hazard foreclosure of his rights.   No duty was incumbent upon the condemnors, in the absence of a record of ownership, to make the relators parties defendant in the condemnation proceedings.   The necessary parties to the action were each and every owner, encumbrancer, or other person or party interested in the land, or any part thereof, over which the right of way was sought, *so far as the same can be ascertained from the public records.*   The procedure required by the statute to be followed in exercising the right of eminent domain is a matter of substance and must be, and by condemnors was, strictly followed.

■    The rule that recitals in a deed bind parties and privies, but not strangers, needs no citation of sustaining authority.   That the rule against parol contradiction of a written contract cannot be invoked by or against strangers to that contract, is well settled. 2 Jones on Evidence, Civil Cases (4th ed.), p. 858, § 449; *Ransom v. Wickstrom & Co.*, 84 Wash. 419, 146 Pac. 1041, L. R. A. 1916A, 588.   A contract for the

conveyance of land or of any interest therein, if in parol, is void under the statute (Rem. Rev. Stat., §§ 10550, 10551), which requires all conveyances of land to be in writing, unless there has been such a part performance of the contract as to take it out of the statute. *Peterson v. Nichols,* 110 Wash. 288, 188 Pac. 498.

The case at bar does not present the question whether condemnors may invoke the rule that parol evidence is inadmissible to establish an express trust in land.

█ A trust in real estate implies a holding of the legal title by one for the benefit of another, who holds the equitable title—a separation of the legal estate from the beneficial enjoyment. The first object of a trust is to limit the powers of the beneficiary and to deprive him of any power to manage the trust. A trust is the holding of property subject to a duty of employing it or applying its proceeds according to directions given by the person from whom it was derived. It does not contemplate a merger or union of the legal and equitable titles in the same persons.

"It has been said that a trust, in its simplest elements, is a confidence reposed in one person, who is termed trustee, for the benefit of another, who is called the cestui que trust, respecting property which is held by the trustee for the benefit of the cestui que trust. It has also been defined as an obligation on a person to whom the legal title to property has been transferred arising out of a confidence reposed in him to apply the property faithfully and according to such confidence. These definitions are sufficiently accurate as applied to direct or express trusts . . . " 26 R. C. L. 1168.

█ Relators insist that they, Jeannette Wirt and Irene Morrison, and Harry A. Morrison transferred their three separate tracts of lands to themselves in trust for themselves; one-third undivided interest in

the whole farm consisting of the three tracts to each of the three trustees, who are also beneficiaries, to be farmed by the three cotrustees-beneficiaries; and the net profits derived from their operation of the three tracts as an entirety are to be expended in improvement of the entire farm consisting of the three tracts. That is, the two relators and Harry A. Morrison each hold, under their oral agreement, a one-third undivided interest in three tracts of land already conveyed to them separately, subject to a duty of the three parties to the agreement of operating the three tracts as one farm and applying the net proceeds therefrom according to directions given to themselves by themselves, from whom the property was derived.

There was not created an express trust in land. There are no allegations of fact from which it may be reasonably inferred that the parties intended the creation of an express trust in land. No more is shown than an agreement under which relators and Harry A. Morrison pooled their interests in the operation of the three tracts as one farm and applied the net proceeds therefrom to the improvement of the entire tract consisting of the three tracts A, B, and C. Such an agreement for operation of the three tracts as one farm would not in any way change the title to the various tracts.

One in the vicinity of whose land a railroad is located may sustain a depreciation in the value of his land; yet he cannot recover therefor, as that would not constitute a taking or interference with his property.

The title to tract A, over which the way of necessity is condemned, is in Harry A. Morrison. The title to tracts B and C, no portion of either of which is taken by the condemnation, is in relators Jeannette Wirt and Irene Morrison, respectively, who are not, under such

a state of facts, entitled to recovery for damages to their tracts.

■ The fact that the three tracts are used as one farm, inasmuch as the ownership is divided, does not entitle the owners (relators) of adjacent tracts (tracts B and C) to damages. If Harry A. Morrison has, in addition to his ownership of tract A, an interest, short of actual ownership, in tracts B and C owned by the relators, and, *vice versa,* if relators, owners of tracts B and C, have an interest in tract A, to which Harry A. Morrison has title, that would not entitle relators to recovery of damages to any tract except the one over which the private way of necessity was condemned, which in the case at bar is over the tract owned by Harry A. Morrison.

"Tracts held by different titles vested in different persons cannot be considered as a whole where it is claimed that one is incidentally injured by the taking of the other for a public use. This is the rule although the owner of the tract taken holds an interest in the property claimed to be damaged, and although the two tracts are used as one." 18 Am. Jur. 912, § 271.

The damages for taking a right of way are based on ownership of land actually taken and are limited to lands held under the same title.

The order dismissing the complaint in intervention is affirmed.

ROBINSON, C. J., BLAKE, and JEFFERS, JJ., concur.

BEALS, J., concurs in the result.