IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF MARGARET L. BERTO, | ) ) ) | No. 33591-7-III |
| Appellant, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL & HEALTH SERVICES, WASHINGTON HEALTHCARE AUTHORITY, | ) ) ) ) ) | |
| Respondent. | ) ) | |

KORSMO, J. — This appeal arose from the denial of Ms. Margaret Berto's application for Medicaid benefits. Her estate argues in this appeal that the contents of a testamentary trust established by her late husband should not have been considered available assets that disqualified her from Medicaid eligibility. We reject her argument and affirm.

FACTS

Sometime in the mid-2000s, Ms. Berto and her husband placed all of their assets, including their home, in a living trust that named themselves as both beneficiaries and trustees. When her husband died in January 2009, his will created a second trust to

contain all of his assets. Ms. Berto was the sole beneficiary of this testamentary trust. It allowed distributions for her "health, education, maintenance and support" at the discretion of the trustees. Ms. Berto was one trustee. The trust provided that she could not be the sole trustee and could not alone determine the amount of any distribution. The trustees were restricted to distributing "net income that will not cause such beneficiary to be ineligible for governmental financial assistance benefits." The trust also limited Ms. Berto's use of the trust distributions to purposes other than those supplied by government assistance.

In order to account for her husband's share of the marital estate, Ms. Berto divided the value of her home between the living trust and the testamentary trust. She valued the home at approximately $240,000. Acting as a trustee for the living trust, she issued a promissory note for $120,000 to herself as a trustee for the testamentary trust, and assigned ownership of the home to the living trust. The living trust spent $25,000 preparing the home for sale, before selling it for $150,000. Ms. Berto satisfied the promissory note and transferred $120,000 from the living trust to the testamentary trust.

In June 2013, Ms. Berto applied for state assistance. The Washington Healthcare Authority (WHA) denied her application after finding that her available assets exceeded the $2000 eligibility limit. In February 2014, Ms. Berto resigned as trustee and requested a hearing to challenge the denial of her benefits. She argued that the testamentary trust was not truly an available asset because of her limited control and the restrictions on

2

distribution. The reviewing judge for the Department of Social and Health Services

(DSHS) affirmed the order. Ms. Berto timely appealed to this court.

## ANALYSIS

The sole question is whether the testamentary trust constitutes an available

resource for determining Ms. Berto's eligibility for Medicaid. This requires an

examination of the rules concerning the treatment of trusts for eligibility purposes.

The facts are unchallenged and, therefore, are verities on appeal. *Campbell v.

Dep't of Soc. & Health Servs.*, 150 Wn.2d 881, 888, 83 P.3d 999 (2004). Ms. Berto

argues that the WHA erred in its legal interpretation of regulations promulgated by

DSHS. We review an agency's conclusions of law de novo. *Skamania County v.

Columbia River Gorge Comm'n*, 144 Wn.2d 30, 42-43, 26 P.3d 241 (2001). We interpret

regulatory language consistent with the rules of statutory construction. *Overlake Hosp.

Ass'n v. Dep't of Health*, 170 Wn.2d 43, 51, 239 P.3d 1095 (2010). Where a rule is plain

and unambiguous on its face, we will give effect to that language. *Id.* at 52.

Essentially, the beneficiary of a "trust" has a type of property right in the contents

of the trust. This entitles them "to the beneficial enjoyment of property to which another

person holds the legal title." BLACK'S LAW DICTIONARY 1740 (10th ed. 2014); *accord

State ex rel. Wirt v. Superior Court*, 10 Wn.2d 362, 369, 116 P.2d 752 (1941). This fits

into the broad definition of what DSHS considers a "resource." WAC 182-512-0200(1).[1]

Consequently, the principal of a trust will generally be considered an available resource

for the trust's beneficiary.[2] WAC 182-516-0100, the primary provision at issue in this

case, delineates particular treatment for specific types of trusts. Although somewhat

obtusely phrased, this rule is unambiguous.

Subsection (1) states the DSHS's authority over eligibility determinations

involving trusts. Subsections (2)-(4) address trusts created prior to August 1, 2003, while

subsection (5) addresses the type of trust at issue here. This subsection is derived from

federal law and addresses a class of trusts that DSHS treats as if they were established by

the client. *See* 42 USC § 1396p(d). Trusts that are established by an individual or certain

related individuals, with assets that are partially from the individual or their spouse, and

that are not established by a will, are considered exactly the same as trusts created by that

individual. WAC 182-516-0100(5)(a). The principal of such a trust remains an available

asset until it can no longer be distributed to the client; at that point it is considered a

transfer of assets. WAC 182-516-0100(5)(d-e).

---

[1] "A resource is any cash, other personal property, or real property that an applicant, recipient or other financially responsible person: (a) Owns; (b) Has the right, authority, or power to convert to cash (if not already cash); and (c) Has the legal right to use for his/her support and maintenance." WAC 182-512-0200(1).

[2] Most of Ms. Berto's arguments appear to be premised on the faulty assumption that a trust will not be considered an available resource unless the regulations explicitly describe that type of trust.

Since the testamentary trust was established by a will, subsection (5) does not apply. However, Ms. Berto argues that a provision within this subsection exempts the testamentary trust: "Only the assets contributed other than by will to the trust by either the client or the client's spouse are available to the client." WAC 182-516-0100(5)(b). It appears that this provision was intended to only apply to those trusts established by the client. Regardless, Ms. Berto failed to read the entire sentence. This provision only applies "when part of the trust assets were contributed by persons other than the client or the client's spouse." *Id.* Since no third party contributed to the testamentary trust, this provision is inapplicable.[3]

Subsections (6) through (9) address special needs trusts created to care for disabled individuals; the parties agree these provisions are inapplicable. Subsection (10) states that distributions from trusts are considered unearned income. Although income is important for other considerations, it is irrelevant in this action.

---

[3] If this provision applied, there would be an open question concerning what portion of the principal was actually contributed by her husband's will. Ms. Berto attributed a value of $240,000 to their home, and issued a promissory note to the testamentary trust for $120,000. The record does not indicate the origin of that dubious valuation. Immediately afterwards, Ms. Berto sold the home and realized just $125,000. She satisfied the note and placed $120,000 in the testamentary trust. Functionally, Ms. Berto bought her husband's share of the home for almost double its value in order to move her assets into the testamentary trust. Roughly $57,500 of the principal in the trust probably should be considered directly contributed by Ms. Berto and $62,500 should be considered contributed by her husband's will.

No. 33591-7-III
*Estate of Berto v. D.S.H.S.*

Subsection (11) is the final provision of interest. It reads,

The department will only count income received by the client from trusts and not the principal, if:
(a) The beneficiary has no control over the trust; and
(b) it was established with funds of someone other than the client, spouse or legally responsible person.

WAC 182-516-0100. Although phrased poorly, the meaning is clear. If both conditions are satisfied, DSHS will not count the principal as an available resource. If a third party creates a trust over which the beneficiary has no control, the trust principal will not count as an available resource for the beneficiary.

Here, neither condition is satisfied. As co-trustee, Ms. Berto had some control over the trust and all of the funds came from either her husband or herself. Consequently, subsection (11) does not exempt the testamentary trust. None of the regulations exempt the testamentary trust from being considered an available asset for its beneficiary, Ms. Berto. DSHS correctly considered the testamentary trust to be an available asset.

The judgment is affirmed.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

6